GUTHRIE v. INDEMNITY ASSOCIATION.

(*Nashville.* January 14, 1899.)

1. INSURANCE. *Contractual limitations valid.*

Contractual limitations of actions upon insurance policies are valid and enforceable. (*Post, pp. 646, 647.*)

Case cited: 74 U. S., 259.

2. SAME. *Contractual limitations not within general statutes of limitations.*

A contractual limitation of action contained in an insurance policy is not within, or extended or controlled by, § 4446 of Shannon's Code, providing for the saving from the bar of the general statutes of limitations of a cause of action upon which suit has been brought within the time limited, but disposed of without decision upon the merits, and a new suit is brought within one year thereafter. (*Post, pp. 648, 649.*)

Code construed: § 4446 (S.); § 3449, (M. & V.); § 2755 (T. & S.).

Cases cited: 74 U. S., 258; 72 N. Y., 499; 78 N. Y., 402; 7 R. I., 301; 94 Pa. St., 345; 128 Pa. St., 386; 130 Pa. St., 170.

3. SAME. *Same.*

A contractual limitation of action contained in an insurance policy is not within or extended or controlled by the statutes suspending the general statutes of limitations during absence of a debtor from the State. (*Post, pp. 652-655.*)

Code construed: § 3458 (S.); § 4455 (M. & V.); § 2762b (T. & S ).

Cases cited and distinguished: Insurance Co. v. Underwood, 12 Heis., 424; 13 Wall., 156.

4. FOREIGN CORPORATION. *Service of process.*

Jurisdiction over a foreign corporation, as to a transaction that had occurred in this State before the withdrawal of the corporation from business in the State, cannot be acquired after its complete withdrawal by the Courts by service of process upon a resident person who had been its local agent at the time of the transaction involved in the suit. (*Post, pp. 649-652.*)

Guthrie *v.* Indemnity Association.

Act construed: Acts 1887, Ch. 226.

Cases cited: Telegraph Co. *v.* Turner, 88 Tenn., 265; Insurance
Co. *v.* Spratley, 99 Tenn., 322.

FROM DAVIDSON.

Appeal in error from Circuit Court of Davidson
County.    J. W. BONNER, J.

ESTES & ESTES for Guthrie.

CHAMPION, HEAD & BROWN for Indemnity Asso-
ciation.

McALISTER, J.    This suit was instituted in the
Circuit Court of Davidson County to collect a policy
of life insurance, amounting to $1,000.    The policy
was issued June 30, 1894, by the Connecticut In-
demnity Association, on the life of Allen B. Guthrie,
payable to his mother, Adaline Guthrie.    The in-
sured executed his note to the company for the
sum of $26.27, covering the first year's premium.
This note was not paid at maturity, nor has it ever
been paid.    The insured, Allen B. Guthrie, died on
the 1st of January, 1895, and on the 4th of Novem-
ber, 1895, suit was brought to collect the amount
of the policy.    The summons was served November
27, 1895, on E. B. Craig, insurance commissioner of
the State.    To this suit the company filed a plea

in abatement, viz.: Defendant, a foreign corporation, had been doing business regularly in the State of Tennessee prior to December 31, 1894, at which date it formally withdrew its agents from the State and ceased to do business therein. It did no business in the State · of Tennessee during the year 1895. Defendant had no office, agent, or representative in said State of Tennessee during said year of 1895, nor had it complied with the laws relative to foreign corporations transacting business in Tennessee during that period, nor had it filed with the commissioner of insurance a written instrument, duly signed and sealed, authorizing him to acknowledge service of process for and in its behalf in said State of Tennessee; nor did it consent that service of process, mesne or final, upon such commissioner should be taken and held as valid, as if served upon this company according to the laws of this State, or any other State. Defendant gave no one the right or power to acknowledge service of process for it in the State of Tennessee during the year 1895, or at any other time. The summons in this cause was served upon E. B. Craig, insurance commissioner of Tennessee, November 27, 1895. Said process was not served upon defendant, nor any officer or agent of defendant, nor upon any one authorized to acknowledge service of same in its behalf. This plea in abatement was sustained by the Circuit Judge, and, at the December term, 1896, of this Court, the judgment of the Circuit Court was affirmed and

plaintiff's suit dismissed. Thereafter, on the 18th of May, 1897, the present suit was commenced. The validity of the service of summons is not questioned in the present suit.

This case was tried before the Hon. J. W. Bonner, without the intervention of a jury and upon a stipulation of agreed facts. The defense of the company is rested exclusively upon the seventh condition of the policy, which is as follows: "It is expressly understood and agreed that no action shall be maintained nor recovery had for any claim upon or by virtue of this policy after the lapse of one year from the death of said insured, and if said suit or proceedings for such recovery be not commenced within one year from the date of the death of said insured it shall be deemed a waiver on the part of all parties concerned of all rights or claims under or by virtue of this policy, and as conclusive evidence against the validity of such claim, and this policy shall be null and void and of no effect, and no person shall be entitled to damages or the recovery of any money paid thereon."

It is not controverted by the plaintiff that such a contractual limitation contained in a policy of insurance is valid and enforcible. In *Riddlesbarger* v. *Hartford Ins. Co.*, 74 U. S., L. E., 259, the Court, in passing on this question, said, viz.: "The contract of insurance is a voluntary one, and the insurers have a right to designate the terms upon which they will be responsible for losses, and it is

not an unreasonable term that, in case of a contro-
versy upon a loss, resort shall be had by the as-
sured to the proper tribunal whilst the transaction
is recent and the proofs respecting it are accessible.
.   .   .   .   .   The validity of the limitations
stipulated on conditions similar to the one in the
case at bar, has been elaborately considered in
the highest Courts of several of the States, and has
been sustained in all of them except in the Supreme
Court of Indiana. We have no doubt of its va-
lidity.

"The rule is that, while the parties to a con-
tract cannot by anything contained therein oust the
jurisdiction of the Courts, yet they may lawfully
contract to limit the time within which an action
upon such contract shall be brought, and the lim-
itation so imposed is binding on the parties." 1
Wood on Limitations, Sec. 42, and authorities cited.

It is insisted, however, by the plaintiff that the suit
is not barred by the contractual limitation of one
year, but is saved by the original suit which was
commenced November 4, 1895. That suit, as already
stated, was dismissed in January, 1897, by this
Court on defendant's plea in abatement for want of
sufficient service of summons. This suit was com-
menced within one year thereafter, to wit: on May
18, 1897.

Plaintiff's first insistence is that his present suit
is protected by § 4446, Shannon's Code, viz.: "If
the action is commenced within the time limited,

but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff and is arrested or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may from time to time commence a new action within one year after the reversal or arrest.''

While it is true the original suit was dismissed for insufficient service of process, and not for any cause concluding plaintiff's right of action, we are of opinion that the statute is wholly inapplicable in the present instance. It clearly refers to statutory, and not to contractual, limitations; for otherwise a statute could be made utterly subversive of contracts executed by parties upon the most deliberate consideration. It was held by the United States Supreme Court, in *Riddlesbarger* v. *Hartford Ins. Co.*, 74 U. S. (L. E.), 258, that ''the contractual limitation is not affected by the fact that a previous action, which was dismissed, had been commenced within that period, and that the statute of a State which allows a party who suffers a nonsuit in an action to bring a new action for the same cause within one year afterwards, does not affect the rights of the parties in such a case.'' This must be true, for, if the contractual limitation is valid, the parties are not bound by the general limitation of the statute, and, for a like reason, they are not bound by the savings of the statute. The question is purely one of

contract, and is not regulated by the terms of the statute. "The rights of the parties," says Field, J., "flow from the contract. That relieves them from the general limitations of the statute, and, as a consequence, from its exceptions also." In *Riddlesbarger* v. *Insurance Co.*, 74 U. S. (S. C., 7 Wall.), the Court said: "The action mentioned which must be commenced within the twelve months, is the one which is prosecuted to judgment. The failure of a previous action, from any cause, cannot alter the case. The contract declares that an action shall not be sustained . unless such action, not some previous action, shall be commenced within the period designated. It makes no provision for any exception in the event of the failure of an action commenced, and the Court cannot insert one without changing the contract." This view is supported by the cases of *Wilkinson* v. *Insurance Co.*, 72 N. Y., 499; *Arthur* v. *Insurance Co.*, 78 N. Y., 402; *Wilson* v. *Insurance Co.*, 7 R. I., 301; *Insurance Co.* v. *Burr*, 94 Pa. St., 345; *Insurance Co.* v. *Burr*, 128 Pa. St., 386; *Hocking* v. *Insurance Co.*, 130 Pa. St., 170; Ostrander on Insurance, Secs. 410, 411; 2 Beach on Insurance, Secs. 1258–1265; Joyce on Insurance, Sec. 3205.

It is next insisted the Court erred in holding that the contractual limitation ran against plaintiff, although defendant had no officer, agent, or representative in the State upon whom process could be served within one year from the death of Allen B.

Guthrie, the insured. The Circuit Judge held that service might have been had, pursuant to the Act of 1887, Ch. 226, upon the agent formerly represent- ing the company here, and under whose agency this policy was issued. The Court found as a fact that James Witherspoon, former agent of the company, continued to reside in Nashville during the year 1895, and, notwithstanding his relations with the defendant company as agent had been dissolved December 31, 1894, that, for the purpose of main- taining a suit against the company, he was defend- ant's agent when the original suit was .brought, and hence there was not an absence which averted the contractual bar, even if plaintiffs' contention were sound.

The Act of 1887, Ch. 226, which the Court held authorized the service of process on James Wither- spoon, former agent, was intended to enlarge the provisions of the Code regulating the service of pro- cess on foreign corporations having an officer or agent and a resident local agent in the county in which suit is brought. The Act of 1887 provides that any nonresident corporation " found doing busi- ness in this State shall be subject to suit here, so far as relates to any transaction had in whole or in part in this State, or any cause of action arising here, but not otherwise." The second section de- fines what is meant by " being found doing business in this State as embracing any transactions with persons, or having any transaction concerning any

property situated in this State through any agency whatever acting for it within the State." The Act of 1887 further provides that it shall be sufficient to serve the process upon any person, if found within the county where the suit is brought, who represented the corporation at the time the transaction out of which the suit arises took place, etc. This Act was held constitutional by this Court in the case of *Life Ins. Co.* v. *Spratley*, 99 Tenn., 322. See also *Telephone Co.* v. *Turner*, 88 Tenn., 268. The proof shows that T. G. Witherspoon, the general agent of this company at the time the policy was issued, and James Witherspoon, who wrote it, remained in Nashville during the entire year 1895, although disassociated from said company after December 31, 1894. But it is insisted by counsel for plaintiff that the Circuit Court erred in holding that the defendant company could be served with process under the Act of 1887, Ch. 226; that, in order to come under the provisions of the Act of 1887, not only must the foreign corporation be found doing business in this State, but this business must be done through some agency acting for it within the State; that the foreign corporation must have an agent within the State transacting its business for it. This Act of 1887 has been held by this Court to apply only to foreign corporations found doing business in this State. *Telephone Co.* v. *Turner*, 4 Pickle, 265; *Life Ins. Co.* v. *Spratley*, 15 Pickle, 322. In the former case it was said "the Code

provisions covered every case where the foreign corporations had a local office and resident agent. It did not cover the case of a corporation having no resident agent, but doing business through or by means of traveling agents. The Act of 1887 does not apply to foreign corporations having resident agents in the county where suit is brought." But, while this is true, the Act clearly contemplates that the foreign corporation must be "found doing business" in this State with persons or concerning property, no matter how slight. It does not appear that this company was found transacting any business in this State during the year 1895, and hence we think the Circuit Judge was in error in holding that service of process might have been had on James Witherspoon under the provisions of the Act of 1887.

The question, then, is narrowed down to this, whether the absence of the defendant company, its officers and agents, during the year 1895, saved the contractual bar. It is insisted this contractual limitation in a policy can be waived, and counsel cite *Semmes* v. *Hartford Ins. Co.*, 13 Wall., 156, in which a condition of war was held to excuse a compliance with this contractual limitation. See, also, *Phœnix Ins. Co.* v. *Underwood*, 12 Heis., 424, to the same effect. We think, however, these cases furnish no analogy for our guidance in this investigation. Such a condition overrules all law and suspends the execution of all contracts, as well as the enforce-

ment of legal remedies. Section 4455 of Shannon's Code provides, viz.: "If at any time any cause of action shall accrue against any person who shall be out of the State, the action may be commenced within the time limited therefor after such person shall have come into the State; and after any cause of action shall have accrued, if the person against whom it has accrued, shall be absent from or reside out of the State, the term of his absence out of the State shall not be taken as any part of the time limited for the commencement of the action." It will be conceded that, if the limitation in this case were statutory, then it would be subject to the statutory exceptions, and absence of the party from the State would be saved from the statutory bar. But this limitation, under all the authorities, is contractual, and, if it is not controlled by the general statute of limitations, it is no more subject to statutory exceptions. Except for the savings of the statute just quoted, absence from the State of a delinquent debtor or suitor would not in any case arrest the running of the general statute of limitations, nor, upon the failure of an original suit for want of service or other statutory cause, could a new action be brought for the same cause against which the general statute would not be a bar. 2 Wood on Limitations, Sec. 296. But these statutes have no application to a contractual limitation, because the parties may lawfully contract to limit the time within which an action upon such contract shall be

brought, and the limitation so imposed is binding upon the parties. 1 Wood on Limitations, Sec. 42, and authorities cited.

Says Mr. Beach in his work on Insurance (Vol. 2, Sec. 2258): "The conditions usual in policies of insurance of all kinds, limiting the period within which suits are to be brought upon them, as to their construction, do not assimilate to the general statutes of limitations of suits. They are treated as part of the contract of insurance, and the same rules governing the construction of other conditions in such contracts are applied—as, for instance, the Courts must confine the parties to the contract they have made, and not to modify or enlarge it to the extent to make a new contract for the parties."

As well said by the Circuit Judge: "If the position of plaintiff's counsel be correct, then a foreign corporation, once doing business within a State, must, in order to maintain a contractual limitation as to suits, keep an agent there indefinitely, although it has formally withdrawn from the State, surrendered its license, and is transacting no business, and, in the case of a life insurance company, this arrangement must be maintained until the maturity of every policy; and twelve months thereafter, notwithstanding the Courts of its domicile are open all the time."

Counsel for plaintiff in error cite the case of *Peoria Ins. Co.* v. *Hall,* 12 Mich., in support of his contention that the operation of the contractual limitation is suspended during the absence of the

company, its officers and agents, from the State. That case, however, is to be differentiated from the case now in judgment in this, that the defendant company was a foreign corporation doing business in that State, and the process was actually issued within the twelve months' limitation of the contract, but was not served until a few days after the expiration of the limitation, on account of the temporary absence of the company's agent. In the case at bar the defendant company had withdrawn from the State. Mr. May, in his work on Insurance (Vol. 1, Sec. 484), in quoting the Michigan case, observes that this importation into the contract of the exception of absence, after the analogy of statutes of limitations, has not elsewhere met with approbation." See, also, *McIntyre* v. *Insurance Co.*, 52 Mich., 189, 195.

The case of *Everett* v. *Niagara Ins. Co.*, Law Journal (a Pennsylvania case), distinctly recognizes the authority of the Riddlesbarger case, and, also, the authority of the Pennsylvania cases cited, but distinguishes that case from the others in the important feature that the original summons had been kept alive by an alias summons duly issued and served.

We think the judgment of the Circuit Judge is sustained by the great weight of authority, and it is affirmed.