HILL v. HOME INS. CO. et al.—125 S. W. (2d), 189.

Middle Section. Oct. 29, 1938.

Petition for Certiorari Denied by Supreme Court, March 4, 1939.

Morrison & Morrison, of Lawrenceburg, for appellants.
H. D. Derrick, of Lawrenceburg, for appellee.

FAW, P. J.  This is a suit brought in the Chancery Court of Lawrence County, on June 24, 1936, by Mrs. Nora Hill, a resident citizen of Lawrence County, against the Home Insurance Company, a non-resident corporation, and "The Peoples Insurance Agency, doing business in the State of Tennessee with its office in the city of Lawrenceburg, Lawrence County, State of Tennessee, and citizens and residents thereof."

In her bill, complainant stated that, "The Peoples Insurance Agency of the city of Lawrenceburg, Lawrence County, Tennessee, is made a party hereto by reason of being the representative of the Home Insurance Company as its agent in Lawrence County, Tennessee, and for the purpose of the service of process upon said agent as provided by statute; no recovery being sought in dollars and cents against said agency."

No question arises on the record with respect to the service of process on the defendants named, or either of them, as both of the named defendants appeared and (after their demurrers had been overruled) answered to the merits, and no decree was rendered either for or against The Peoples Insurance Agency; hence there is no occasion for us to give any further consideration to The Peoples Insurance Agency as a party to this cause, although (for some reason not apparent) it appears to have joined in the appeal by which the case was brought to this Court.

Complainant sought by her bill to recover of the defendant the sum of $500, with interest and a statutory penalty, upon a policy of insurance issued by the defendant on November 29, 1933, by which defendant contracted to insure the complainant against the loss of, or damage to, a certain dwelling-house in Lawrence County, Tennessee, by fire, lightning and windstorm, to the amount of $500.

On final hearing, the Chancellor adjudged and decreed that the complainant recover of the defendant, The Home Insurance Company, the sum of $500, with interest from February 12, 1934, and all the costs of the cause; whereupon the defendant brought the case to this Court by appeal and has assigned errors here. As before stated, The Peoples Insurance Agency joined in the appeal, and it has also joined in the assignments of error in this Court; but we are wholly unable to perceive anything in the decree of the Chancery Court that entitles The Peoples Insurance Agency to prosecute an appeal

therefrom. When we refer herein to the defendant, or to the appellant, it will be understood that The Home Insurance Company is intended.

Preliminary to the disposition of the assignments of error, certain undisputed facts disclosed by proof predicated on appropriate pleadings will be stated.

The complainant, Mrs. Nora Hill, is a daughter of J. S. Baxter and wife, Martha E. Baxter, and the wife of L. M. (Luther) Hill, all of whom lived near the town of Lawrenceburg during the period covered by the transactions involved in this case. The fire insurance policy on which complainant is suing in this case was issued by defendant on November 29, 1933, pursuant to a written application of date November 21, 1933, to which the name of complainant was signed by her husband, L. M. Hill, who was authorized to act as complainant's agent for the purposes of such application. An insurance agency, operated by R. E. Lumpkins under the trade name of "The Peoples Insurance Agency," was the local agent of defendant at Lawrenceburg through whom, and by whom, the application was transmitted to the defendant's Branch Office in Chicago, Illinois. All applications to defendant for insurance on farm property in the State of Tennessee are handled through defendant's Branch Office in Chicago.

The dwelling-house which was the subject of the insurance thus applied for and issued, stood on a tract of land containing seventy acres, more or less, situated in the 8th Civil District of Lawrence County, Tennessee, about one and one-half miles from the town of Lawrenceburg.

At the time the aforesaid application for insurance was made, and at the time the policy was issued, complainant was in possession of said land and the buildings thereon, claiming to be the owner thereof by virtue of an instrument executed and acknowledged by her father and mother, J. S. Baxter and wife, on March 25, 1920, but which was not delivered until August 29, 1932, on which latter date it was delivered to complainant and was duly registered in the Register's Office of Lawrence County. This instrument was, in form, an ordinary deed of conveyance of the aforesaid tract of seventy acres of land, with the usual covenants, except that it contained a reservation by the makers as follows: "This deed is not to be in effect until after our and both of our deaths and we are to have full control of this land to manage as we please and we are to have rent of land as long as either one of us live. Then after both of our deaths this deed is to be in full force and effect."

The dwelling-house described in the aforesaid application and policy was destroyed by fire on January 8, 1934.

On February 1, 1934, J. S. Baxter and wife filed a bill in the Chancery Court of Lawrence County against their said daughter, Mrs.

638

Nora Hill (the present complainant) and her husband, L. M. Hill, alleging, in substance, that the aforesaid instrument bearing date of March 25, 1920, and executed by them, was intended to be, and was in fact and in law, a testamentary paper and not a deed of conveyance in praesenti, and praying that the Court so declare and order the instrument surrendered to them.

On February 12, 1934, F. H. Cornell, Manager of defendant's Branch Office at Chicago, Illinois, wrote and mailed a letter to the complainant, Mrs. Nora Hill, at Lawrenceburg, Tennessee, which letter was received in due course of mail by complainant, and which reads as follows:

"You are hereby respectfully notified that The Home Insurance Company denies any and all liability to you under policy C C 45740, for the loss of the dwelling described therein as situate on farm of 70 acres in the 8th Civil District about one and a quarter miles southwest of Lawrenceburg, Lawrence County, Tennessee, said to have been destroyed by fire on Jan. 8, 1934, and further, being advised that you are not the sole and absolute owner of the above described property, said policy is declared null and void and cancelled from date of issue, and tender of the total premium paid $31.70, is hereby made in the form of check drawn to your order. If this tender is not acceptable in the form offered, cash will be substituted on return of the check.

"None of the terms and conditions of your application on which the above policy was issued, or the policy itself, have been or are waived, and all rights of defense which may now or hereafter exist against any claim under said policy, or for or on account of said loss, are specifically reserved.

"You are kindly requested to return the policy in the enclosed stamped and addressed envelope."

To the letter just quoted complainant replied by letter of date February 17, 1934, as follows:

"I have your letter of February 12th pertaining to the fire loss sustained on January 8th, 1934, upon dwelling located upon property owned by me under a deed from J. S. Baxter et ux upon which dwelling Policy No. C C 45740 was issued by this Company.

"I herewith enclose proof of loss. All demands have been made through your Local Agency, but no blanks have been furnished.

"I herewith acknowledge receipt of the check $31.70 being a tender of the premium on said Policy, which you in your letter have declared null and void and cancelled from the date of issue. This check I herewith return and decline to accept same, but make demand for payment under the policy in full of the loss and further state that any tender of cash in amount of the premium will also be refused and declined."

The suit brought by J. S. Baxter and wife against Mrs. Nora Hill and husband, as aforesaid, proceeded to a final decree in the Chancery Court of Lawrence County on May 24, 1934, whereby that Court adjudged and decreed that the aforesaid paper-writing executed by J. S. Baxter and wife "is a will and not a deed and that no present estate passed to the defendant, Mrs. Nora Hill, thereunder." The defendants in that case, Mrs. Nora Hill et al., prayed, obtained and perfected an appeal from said decree to the Supreme Court of Tennessee, and by decree of the Supreme Court in April, 1936, the aforesaid decree of the Chancery Court was "modified as indicated by the Court in its opinion," and in the opinion of the Supreme Court (to which the decree of that Court thus referred) it was held as follows: "the instrument in question is designated as a warranty deed; complainants, in their bill, call it a deed; in form, it is in fact a deed, and the effect of the provision that it is not to take effect until the death of the makers, and that they retain control of the land, and have the rents as long as either of them live, is to reserve to the makers a life estate. The deed was delivered to the grantee, and under the rules laid down in the above authorities, and others which could be collected, the instrument took effect in praesenti, and passed title to the grantee, subject to the life estate reserved in both of the makers. In other words, the grantee takes the remainder interest, but cannot take possession or income from the lands until the death of both makers of the deed."

The suit now before us was instituted on June 24, 1936, which was two years and five and one-half months after the "loss" involved in this case, and more than two years and four months after the aforesaid letter of February 12, 1934, in and by which defendant denied liability on the policy.

Complainant filed the original policy, on which she sought a recovery, as an exhibit to, and as a part of, her original bill, which policy (as was pointed out in complainant's bill) contained a provision, or "condition" as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity, until after full compliance by the assured with all the foregoing requirements, including the award of appraisers and examinations under oath if required, nor unless suit is commenced within twelve months next after the date of loss."

By way of avoidance of the aforesaid contractual limitation of the time in which a suit or action could be brought on said policy, the complainant alleged in her bill that "by reason of the filing of said suit by J. S. Baxter and wife, Martha E. Baxter, that the insurance company aforesaid denied liability under its policy, and by reason of said suit being instituted your complainant was barred from filing her bill seeking a recovery under the policy, and continued to be

so barred until the termination of said cause No. 3143 Baxter v. Hill, and its final adjudication thereof," and that "complainant was advised that to file a suit seeking recovery under the policy would be premature by reason of the pendency of the J. S. Baxter suit, but that immediately upon determination of same and if adjudicated in her favor that she would have ample time to institute a cause of action under said policy and that she would not be barred from instituting said suit by reason of" the limitation clause in the policy.

By demurrer, aptly phrased, the defendant made the question that it appeared from the allegations of the bill that complainant's suit was barred by reason of the aforesaid contractual limitation contained in the policy.

The Chancellor overruled the demurrer, with leave to the defendant to rely upon the grounds of its demurrer in its answer, and, in its answer thereafter filed, the defendant (in addition to other defenses set up therein) pleaded and relied upon the aforesaid contractual limitation with much fullness of detail. The findings of the learned Chancellor are incorporated in his final decree, and, with respect to the defense based upon the contractual limitation, the Chancellor found and adjudged as follows:

"That the denial of liability by The Home Insurance Co. predicated upon the sole and unconditional owner in fee clause was based upon the filing of the suit of J. S. Baxter v. Nora Hill on February 1st, 1934, in the Chancery Court of Lawrence County, Tennessee, and came to the knowledge of The Home Insurance Company at its Office in Chicago on February 5th, 1934, and thereupon the letter .filed as an Exhibit to the Original Bill bearing date of February 12th, 1934, denying liability was mailed to the Complainant and the return of the premium tendered, which tender was not accepted, but returned to The Home Insurance Company at its Chicago Office; that an advantage was sought by reason of the filing of the suit of J. S. Baxter et ux. v. Nora Hill attacking the title under the deed, by said Defendant, The Home Insurance Company; in its denial of liability the Defendant, The Home Insurance Company, waived its contractual limitations within which time suit' was to be brought, which it had reserved in its Policy of Insurance and further reserving in its letter denying liability all rights of defense against any claim under said Policy; the Court further finds that the Complainant's cause of action did not accrue and become effective or begin to run until the title to the property of Nora Hill was fully adjudicated and quieted by the decree of the Supreme Court in the cause of J. S. Baxter et ux. v. Nora Hill, which suit in toto is filed as an exhibit in this cause, and further her right to sue had not accrued under all of the provisions of the Policy until the loss was made payable, all of which the Court doth so order, adjudge and decree."

Appellants first six assignments of error challenge the findings, rulings and decree of the Chancellor through which he held and adjudged, in substance, that complainant's suit was not barred by the contractual limitation of twelve months.

Contractual limitations, such as that involved in this case, are valid and enforceable. Guthrie v. Connecticut Indemnity Association, 101 Tenn., 643, 646, 49 S. W., 829.

A provision limiting suit or action on the policy to "twelve months next after the date of loss" means twelve months "after the cause of action accrues." Insurance Company v. Scales, 101 Tenn., 628, 641, 49 S. W., 743, 747.

The policy here in question contained provisions for notice and proofs of loss to be furnished by the insured to the insurer within sixty days from the date of the loss, which, in effect, afforded the insurer immunity from suit for such period of sixty days, and thereby postponed the accrual of the cause of action accordingly. 14 R. C. L., page 1419, section 581.

But defendant's absolute and unconditional denial of any liability on the policy, in its letter to complainant of date February 12, 1934, was a waiver by defendant of the provision of the policy which afforded it immunity from suit for sixty days after the loss, and complainant's right to sue accrued when liability was thus denied by defendant. Insurance Company v. Hancock, 106 Tenn., 513, 516, 62 S. W., 145, 52 L. R. A., 665.

With reference to the question presented by the assignments of error relating to the contractual limitation, the following statement is made in the reply brief for complainant: "This question is a new question in this State under the peculiar phase of the situation as disclosed by the record. We have made an exhaustive search and we deem a diligent search without success through Couch and Cooley on Insurance, Corpus Juris, Ruling Case Law and A. L. R. And we have been unable to find an analogous case or a case in point and therefore we will present our theory in as intelligent a manner as we are capable of doing."

Thereupon the able and learned counsel for complainant presents, in his characteristically clear and forceful manner, his contention that the institution and pendency of the suit of J. S. Baxter and wife v. Mrs. Nora Hill barred the complainant from instituting suit against the defendant Insurance Company within the contractual limitation of twelve months, and until a reasonable time after the termination of the Baxter suit.

After full consideration, we are unable to concur in the contention thus made. The defendant Insurance Company was not a party to the Baxter case, and had no knowledge or information concerning that case, until after it had been instituted. There is not so much

642

as a suggestion in the record that the defendant Insurance Company aided or abetted the institution, prosecution or conduct of the Baxter case at any time.

There was no legal obstacle to the commencement of a suit by complainant against defendant Insurance Company at any time after complainant received defendant's letter of February 12, 1934.

We are of the opinion that the pendency of the Baxter suit did not toll the contractual limitation in the policy, and that the present suit was barred. Paul v. Fidelity, etc., Company, 186 Mass., 413, 71 N. E., 801, 104 Am. St. Rep., 594; Wilkinson v. First National Fire Insurance Company, 72 N. Y., 499, 28 Am. Rep., 166; Matthews v. American Central Insurance Company, 154 N. Y., 449, 48 N. E., 751, 39 L. R. A., 433, 61 Am. St. Rep., 627; Riddlesbarger v. Hartford Fire Insurance Company, 74 U. S. (7 Wall.), 386, 19 L. Ed., 257; Guthrie v. Connecticut Indemnity Association, supra, page 649, 49 S. W., 829. The appellant's first six assignments of error are, therefore, sustained.

Inasmuch as complainant's suit must be dismissed as the result of our ruling on appellant's first six assignments of error, supra, it would be a work of supererogation to discuss and dispose of other assignments of error, and we will refrain from so doing.

It results that the decree of the Chancellor is reversed and complainant's suit is dismissed. The costs of the cause, including the costs of the appeal, will be adjudged against the appellee, Mrs. Nora Hill.

Crownover and Felts, JJ., concur.