42 F.3d 1388
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Homer and Phyllis JONES, Plaintiffs-Appellants,
v.
ALLSTATE INSURANCE COMPANY, Defendant-Appellee.
 No. 93-5676.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: LIVELY, JONES, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Homer and Phyllis Jones appeal a judgment as a matter of law for Defendant Allstate Insurance Company. For the reasons stated herein, we AFFIRM the decision of the district court.
 
 I.
 
 2
 Homer and Phyllis Jones suffered a fire loss at their home in Sharon, Tennessee, on September 23, 1988, while this property was the subject of an insurance policy with Defendant Allstate Insurance Company ("Allstate"). In mid-November the Joneses received a letter from Allstate dated November 15, 1988, denying their fire loss claim because the Joneses had provided false information on their insurance application. The Joneses' former attorney received a copy of the insurance policy at issue on September 29, 1989. The Joneses filed their complaint in the instant case in the Chancery Court of Weakley County, Tennessee, on December 28, 1989, seeking recovery of proceeds allegedly due under their insurance policy with Allstate.
 
 
 3
 The insurance policy contains a provision that requires that "[a]ny suit or action [against Allstate] must be brought within one year after the date of loss." J.A. at 86. The Joneses contend that they themselves have never received a copy of the insurance policy.
 
 
 4
 On January 30, 1990, Allstate removed the action to the United States District Court for the Western District of Tennessee, Eastern Division. A jury trial commenced on April 7, 1993, and the next day, at the conclusion of the Joneses' case, Allstate moved under Federal Rule of Civil Procedure 50 for judgment as a matter of law, on the grounds that the Joneses had failed to file suit within the one-year period required by the insurance policy. The district court granted Allstate's motion. This appeal followed.
 
 II.
 
 5
 This court reviews the district court's grant of a motion for judgment as a matter of law using the same standard the district court used in deciding the motion. O'Brien v. City of Grand Rapids, 23 F.3d 990, 995 (6th Cir.1994) (citations omitted). This court is not to weigh the evidence or the credibility of the witnesses, or substitute its judgment for that of a jury. Id. Instead, it is to view the evidence in the light most favorable to the non-moving party and determine whether there is any evidence from which a jury could find for that party. Id. Only when it is clear that reasonable minds could come to but one conclusion regarding the evidence, should the court grant the motion. Id. If there is conflicting testimony on a material issue, the court should not grant the motion. Hill v. McIntyre, 884 F.2d 271, 274 (6th Cir.1989).
 
 III.
 
 6
 At the outset we note that in this diversity action, Tennessee law governs the substantive issues. Erie R.R. v. Tompkins, 304 U.S. 64 (1938); Davis v. Connecticut General Life Ins. Co., 743 F.Supp. 1273, 1277 (M.D.Tenn.1990). In the absence of a decision by the Tennessee Supreme Court determinative of the issues in this case, this court must attempt to forecast what that court would decide on the issues. See Olsen v. McFaul, 843 F.2d 918, 928 (6th Cir.1988) (quoting Clutter v. Johns-Manville Sales Corp., 646 F.2d 1151, 1153 (6th Cir.1981)). This court should consider relevant decisions of the Tennessee appellate courts in making this determination. Id.
 
 
 7
 Tennessee Code Annotated Sec. 28-3-109(a)(3) provides that "[a]ctions on contracts not otherwise expressly provided for .. shall be commenced within six (6) years after the cause of action accrued." Tenn.Code Ann. Sec. 28-3-109(a)(3) (1980). Tennessee courts, however, have consistently upheld contractual periods of limitations that reduce the statutory period for filing suit. See, e.g., Gutherie v. Connecticut Indemnity Ass'n, 49 S.W. 829, 830 (Tenn.1899) (holding that insurance policy's limitation for bringing suit was valid); Tullahoma Concrete Pipe Co. v. Gillespie Constr. Co. & U.S. Fidelity & Guar. Co., 405 S.W.2d 657, 664 (Tenn.1966) (holding that provision in contract that suit must be brought within one year after sub-contractor ceased work on project was valid); Das v. State Farm Fire & Cas. Co., 713 S.W.2d 318, 324 (Tenn.Ct.App.1986) (holding that dismissal of plaintiffs' suit was justified by their failure to sue within one year after insurance company's first denial of liability); Hill v. Home Ins. Co., 125 S.W.2d 189, 192 (Tenn.Ct.App.1938) (holding that contractual limitation requiring suit on fire policy to be commenced within one year after date of loss was valid and enforceable). Furthermore, in Hill, the Tennessee Court of Appeals held that the words "after the date of loss" in an insurance policy provision limiting suit on the policy means "after the cause of action accrues," and that the cause of action accrues at the time that the insurance company denies liability for the insured's claim. 125 S.W.2d at 192. Under Hill, the Joneses should have filed suit within a year after they were notified by Allstate that their claim was being denied, i.e., by November 15, 1989.
 
 
 8
 The Joneses argue, however, that the policy's one-year time period to bring suit should have been tolled until the time when they or their attorney received a copy of the insurance policy, and thus had actual notice of the one-year limitation. Under this scenario, the Joneses would have filed suit in a timely manner, as the suit was filed within three months of their attorney's receipt of the policy. There are no reported Tennessee cases directly on point.
 
 
 9
 Even so, the Joneses do cite an unreported Tennessee decision, Jackson v. Potomac Ins. Co., 7 TAM 41-21 (Tenn.Ct.App. Sept. 8, 1982), as support for their position. The reasoning of the case is not persuasive, and we are not bound by that decision. See Southern Ry. Co. v. Foote Mineral Co., 384 F.2d 224, 228 (6th Cir.1967) (stating that unpublished opinion of Tennessee Supreme Court is not binding on that court and accordingly federal court is not bound by decision that would not be binding on highest state court); Patton v. McHone, 822 S.W.2d 608, 615, n. 10 (Tenn.Ct.App.1991) (noting that where Tennessee Supreme Court had in fact reviewed case, but had only concurred in result, unpublished opinion of Tennessee Court of Appeals had no precedential value except to parties in case).
 
 
 10
 We believe that the Tennessee Supreme Court would hold that the instant suit is absolutely barred by the one-year limitation in the insurance policy. Other jurisdictions have espoused this view. See, e.g., Schoonover v. American Family Ins. Co., 572 N.E.2d 1258, 1264 (Ill.Ct.App.1991) (holding that although claimant had not received a copy of insurance policy, one-year limitation of policy applied because where insured had notice that policy existed, it was his responsibility, and not insurance company's, to insure his knowledge of contents of policy); Young v. Seven Bar Flying Service, Inc., 685 P.2d 953, 956 (N.M.1984) (holding that where insured was on notice that insurance coverage had been obtained, insurance company's failure to provide insured with a copy of the insurance policy did not preclude application of policy's one-year time period for bringing suit to bar insured's belated claim); Alfieri v. Monoghan Real Estate, Inc., 283 A.2d 685, 686 (Del.Sup.Ct.1971) (holding that where insureds procured copies of their policies before contractual time limitation was to expire, but then failed to file suit until almost one year later and after contractual deadline for filing suit had passed, in the absence of showing of misconduct by insurance company, contractual time limit applied, and suit was barred).
 
 
 11
 In reviewing the district court's judgment as a matter of law, we accept as true the Joneses' claim that they never received a copy of the insurance policy. Even so, the Joneses acknowledge that they had received documents from Allstate regarding the issuance of insurance coverage, the amounts of coverage, renewal notices, and premium notices. These documents constituted notice to the Joneses that an insurance policy was in effect, and the November 15, 1988 denial of claim letter was further notice to the Joneses that they should obtain a copy of the policy. Moreover, the Joneses' attorney did in fact receive a copy of the policy with adequate time to file the action within the one-year period, but he failed to meet the deadline. Finally, the Joneses have made no claim that Allstate intentionally prevented their knowledge of the policy provision placing a one-year time period for commencing suit on the policy, or that Allstate engaged in other misconduct that might estop application of the contractual provision. We hold that the Joneses' failure to comply with the policy provision now bars their claim.
 
 IV.
 
 12
 For the foregoing reasons, we AFFIRM the decision of the district court.