# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 13, 2013 Session

## DONALD CHILL ET AL. v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Appeal from the Circuit Court for Loudon County**
**No. 2012-CV-43      Russell E. Simmons, Jr., Judge**

---

**No. E2012-01675-COA-R3-CV-FILED-JULY 31, 2013**

---

Donald Chill and his wife, Martha Chill, brought this action against their homeowner's insurance carrier, Tennessee Farmers Mutual Insurance Company ("Insurer"), alleging breach of contract by virtue of its refusal to pay for their loss caused by an earthquake. The insurance policy required suit to be brought within one year of the loss. The Chills filed their complaint almost seven years after the loss and over three and a half years after the Chills refused to accept Insurer's offer to settle the claim for $88,086.49. The trial court granted Insurer's motion for judgment on the pleadings on the ground that the lawsuit was not timely filed. Plaintiffs appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

A. Wayne Henry, Loudon, Tennessee, for the appellants, Donald Chill and Martha Chill.

John T. Johnson, Jr. and Brandon L. Morrow, Knoxville, Tennessee, for the appellee, Tennessee Farmers Mutual Insurance Company.

## OPINION

### I.

On May 3, 2005, an earthquake struck the Tellico Village area of Loudon County, damaging the Chills' home. The Chills reported the damage to Insurer, which sent its adjustors and consultants to examine the property. According to the complaint, Insurer

> initially . . . asserted that the damage was not the result of an earthquake, and denied the claim. However, upon subsequent examinations and consultations with seismic and other experts, the [Insurer,] on or about September 28, 2008, tendered the amount of $88,086.49 representing the damages suffered in [the earthquake.]

The Chills did not agree with the amount of the damage assessment and refused to accept the tendered settlement offer.

The Chills filed their complaint on April 3, 2012. Insurer admitted coverage but, in its motion for judgment on the pleadings, alleged that the lawsuit was barred because it was brought beyond the contractual limitations period of one year from the date of loss. The trial court granted Insurer's motion and dismissed the Chills' complaint. The Chills timely filed a notice of appeal.

### II.

The issue before us is whether the trial court erred in granting Insurer judgment on the pleadings and dismissing the complaint, said dismissal being based upon the fact that the complaint was not filed within the contractual limitations period.

### III.

The standard of review of a judgment on the pleadings is, as recently stated by this Court, as follows:

> In reviewing a trial court's grant of judgment on the pleadings under Rule 12.03, we are bound to regard as false all allegations of the moving party that are denied by the non-moving party, and to accept all well-pleaded facts of the non-moving party, and the reasonable inferences that may be drawn therefrom, as

true. *McClenahan v. Cooley*, 806 S.W.2d 767, 769 (Tenn. 1991). "Conclusions of law are not admitted nor should judgment on the pleadings be granted unless the moving party is clearly entitled to judgment." *Id.* In our review of this case, "all of the facts alleged by the Plaintiff in this case must be taken as true and the issue then before us is whether upon those facts the Plaintiff's complaint states a cause of action that a jury should have been entitled to decide." *Id.* An appellate court "should uphold granting the [Rule 12.03] motion only when it appears that the plaintiff can prove no set of facts in support of a claim that will entitle him or her to relief." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). "A trial court's legal conclusions regarding the adequacy of a complaint are reviewed de novo without a presumption of correctness." *Stewart v. Schofield*, 368 S.W.3d 457, 462-63 (Tenn. 2012).

*Frankenberg v. River City Resort, Inc.*, No. E2012-01106-COA-R3-CV, 2013 WL 1952980 (Tenn. Ct. App. E.S., filed Apr. 11, 2013).

IV.

The insurance contract provides that "[a]ny legal action against **us** must be brought within one year from the date of loss." (Bold font in original.) It has long been the rule in Tennessee that contractual limitations periods in insurance policies are generally valid and enforceable. *Guthrie v. Conn. Indem. Ass'n*, 49 S.W. 829, 830 (Tenn. 1899); *Gagne v. State Farm Fire & Cas. Co.*, No. E2011-01117-COA-R3-CV, 2012 WL 691621 at *2 (Tenn. Ct. App. E.S., filed Mar. 5, 2012); *Certain Underwriters at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002). As we explained in *Certain Underwriters*:

> The courts of this state generally have held that a contractual limitations period begins to run upon accrual of the cause of action. *Phoenix Ins. Co. v. Fidelity & Deposit Co.*, 162 Tenn. 427, 37 S.W.2d 119 (1931); *Federal Sav. & Loan Ins. Corp. v. Aetna Cas. & Sur. Co.*, 701 F.Supp. 1357, 1362 (E.D. Tenn.1988). We have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues. *Boston*

***Marine Ins. Co. v. Scales***, 101 Tenn. 628, 49 S.W. 743, 747 (1898). Since the settlement period provides a period of immunity during which the insured may not bring suit, the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss. ***Id.*** Denial of the claim by the insurer before expiration of the settlement of loss period, however, effectively is a waiver of the immunity period. ***Home Ins. Co. v. Hancock***, 106 Tenn. 513, 62 S.W. 145, (1900). . . . Thus an insured's cause of action accrues upon denial of liability by the insurance company when that denial comes within the immunity period. ***Id.*** It follows that if the insured's claim is not denied within the settlement of loss period, during which the insurer is immune from suit, his cause of action accrues upon expiration of the settlement of loss period, when the insurer is no longer immune from suit.

***Id.*** at 499. "Accordingly, the contractual statute of limitations begins to run upon denial of liability or upon expiration of the immunity period, whichever comes first." ***Id.*** at 500.

In ***Das v. State Farm Fire & Cas. Co.***, the insurance company denied the insured's claim for alleged blasting damage to their house. After the denial, further investigations and negotiations between the parties took place. ***Das***, 713 S.W.2d 318, 320 (Tenn. Ct. App. 1986). The insurance company denied the claim a second time four months and nine days after the first denial. ***Id.*** at 321. The plaintiffs filed suit one year and nine days after the first denial, and eight months after the second denial. ***Id.*** at 324. This Court, enforcing the one-year contractual limitations period and in holding the claimant's lawsuit was filed too late, stated the following:

Plaintiffs conceive that, after a first denial of liability and a renewal of discussion of the merits of a claim, the one year limitation is waived until a second (or third or fourth) "final" denial of liability after which the insured has another full year beyond the last denial of liability within which to bring suit. No authority has been cited or found to support his insistence which, in the view of this Court, is unsound.

As stated above, a renewal of investigation and/or discussion after denial of liability may, under proper circumstances, justify the plaintiff in delaying suit, [and] such delay may be permitted in keeping with the circumstances to avoid imposition and

-4-

injustice. Such circumstances would not entitle the insured to an additional year for suit after the termination of the renewed investigation and/or discussion. In such a case, a reasonable opportunity to bring suit after the last denial is the most that the insured should expect or receive.

*Id.*

In the present case, the loss occurred on May 3, 2005. As previously noted, Insurer initially denied the Chills' claim. The date of the denial is not in the record. According to the complaint, Insurer reconsidered after "subsequent examinations and consultations with seismic and other experts"; concluded that the loss was covered; and on September 28, 2008, tendered a check to the Chills in the amount of $88,086.49. The complaint alleges that the Chills "did not agree with [the] damage assessment and ha[ve] declined to accept [the] settlement tendered by the [Insurer]." Under *Das*, the Chills have a reasonable argument that the renewal of discussion and investigation of their claim after Insurer's initial denial may have justified a *reasonable* delay in bringing suit and allowed them a *reasonable* time to sue after Insurer tendered its settlement check, notwithstanding the fact that it was well after one year had passed from the date of loss. But the Chills waited until April 3, 2012 – over three and a half years after the settlement offer was rejected by them – to file suit. They have offered no explanation or excuse for waiting so long. Under the circumstances, we agree with the trial court's decision granting Insurer judgment on the pleadings on the ground that this action is barred by the contractual limitations period as agreed to by the parties in the insurance contract.

V.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellants, Donald Chill and Martha Chill. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE