IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
March 11, 2015 Session

## JAY DANIEL, ET AL. v. ALLSTATE INSURANCE COMPANY

### Direct Appeal from the Circuit Court for Tipton County
No. 7087     Joe H. Walker, III, Judge

### No. W2014-01965-COA-R3-CV – Filed April 6, 2015

This is an appeal from the trial court's grant of summary judgment in an action on a homeowner's insurance policy that contained a one-year contractual limitations period on actions arising under the policy.  The home of the insured parties was damaged by a fire on December 15, 2011.  The insured parties submitted a claim with the insurer pursuant to their homeowner's insurance policy.  The insurer submitted an estimate and tendered a settlement check to the insured parties on April 2, 2012.  Over a year later, on October 3, 2013, the insured parties filed suit alleging they were owed an additional $75,000 for personal use and construction improvements on a new home.  The trial court granted summary judgment in favor of the insurer, finding that the insured parties' claims were barred by the one-year contractual limitations period.  After reviewing the record, we find no error in the trial court's decision and affirm its grant of summary judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Kevin A. Snider, Germantown, Tennessee, for the appellants, Jay Daniel and Elaine Daniel.

Keely Nicole Wilson and Brandon Wayne Reedy, Jackson, Tennessee, for the appellee, Allstate Insuranc Company.

## OPINION

### I. BACKGROUND AND PROCEDURAL HISTORY

The basic facts in this case are not in dispute.  On or about June 28, 2011,

Plaintiffs/Appellants Jay and Elaine Daniel (hereinafter "the Daniels") purchased a homeowner's insurance policy from Defendant/Appellee Allstate Insurance Company ("Allstate"). The policy insured the Plaintiffs' property at 85 Park Street, Munford, Tennessee. In pertinent part, the policy states:

**Section I Conditions**

\* \* \* \*

3. **What You Must Do After A Loss**
In the event of a loss to any property that may be covered by this policy, **you** must:

\* \* \* \*

(g) within 60 days after the loss, give **us** a signed, sworn proof of loss. . . .

\* \* \* \*

6. **Our Settlement of Loss**
**We** will settle any covered loss with **you** unless another payee is named in the policy. **We** will settle within 60 days after the amount of loss is finally determined. This amount may be determined by an agreement between **you** and **us**, an appraisal award, or a court judgment.

\* \* \* \*

12. **Suit Against Us**
No suit or action may be brought against **us** unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of loss or damage.

On or about December 15, 2011, a fire damaged the Daniels' property. The Daniels notified Allstate of the loss, and Allstate began investigating the claim. Rather than repair the damaged home, the Daniels purchased a replacement home for approximately $165,000. The Daniels' policy with Allstate provides that payment for damages to their home would be made initially on an actual cash value basis, which may include a deduction for depreciation, but that upon actual repair or replacement of the home, the Daniels may obtain the difference between the actual cash value payment and the repair or replacement estimate. Further, the policy states that if the Daniels replaced the home at a new address, the replacement would not increase the amount payable under

the policy. After inspecting the damaged home, Allstate submitted an estimate to repair or replace the home for $199,212 on April 2, 2012. On or around the same date, Allstate tendered a check to the Daniels for $170,017.14, representing the actual cash value of the damaged home. No other payments were made by Allstate to the Daniels under the policy.

On July 16, 2013, counsel for the Daniels sent a letter to Allstate alleging that Allstate still owed the Daniels $75,000. On July 29, 2013, Allstate sent a letter to the Daniels' attorney indicating that Allstate had settled the Daniels' claim in accordance with the terms of their policy. On August 2, 2013, however, Allstate sent a second letter to the Daniels' attorney indicating that the Daniels could collect an additional $29,194.86 (the difference between the actual cash value payment and the repair or replacement estimate) if they provided documentation of their expenses.

On October 3, 2013, the Daniels filed a complaint against Allstate in Tipton County Circuit Court. The complaint alleged that Allstate owed the Daniels $75,000 - of which $31,000 was for "personal use" and $44,000 was for construction improvements to the Daniels' new home pursuant to the option that the Daniels' insurance adjuster relayed to them regarding the purchase of a new house. The Daniels sought damages for breach of contract, bad faith refusal to pay the claim, fraud and/or misrepresentation, detrimental reliance, and unjust enrichment. Allstate filed a motion for summary judgment, asserting that the Daniels' suit was barred by the contractual limitations period contained in the policy. The trial court granted Allstate's motion for summary judgment. In its order, the trial court reasoned that the Daniels' cause of action against Allstate accrued when their claim was accepted and the settlement check was issued in April 2012. Accordingly, the trial court determined that their suit was barred by the insurance policy's one-year contractual limitations provision because the Daniels did not file their suit until October 3, 2013. The Daniels timely filed a notice of appeal to this Court.

## II. ISSUES

The only issue raised by the Daniels on appeal is whether the trial court erred in granting Allstate's motion for summary judgment based on the one-year contractual limitations period.

## III. STANDARD OF REVIEW

The Daniels appeal the trial court's order granting summary judgment in favor of Allstate. We therefore apply the standard of review applicable to summary judgment decisions. Summary judgment is appropriate in virtually any civil case that can be resolved on the basis of legal issues alone. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73,

81 (Tenn. 2010). This appeal requires us to interpret and apply the provisions of an insurance contract. Because the interpretation and application of a contract involves legal issues, contract cases are particularly well-suited to disposition by summary judgment. *Campora v. Ford*, 124 S.W.3d 624, 628 (Tenn. Ct. App. 2003).

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008). Summary judgment in Tennessee is now governed by Tenn. Code. Ann. § 20-16-101:

> In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:
>        (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or
>        (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101 (effective on claims filed after July 1, 2011). A trial court's decision to grant a summary judgment motion presents a question of law, and we review it *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). In doing so, we must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013).

## IV. ANALYSIS

The insurance contract at issue here provides that "[a]ny suit or action must be brought within one year after the inception of loss or damage." This Court recently addressed the legal principles applicable to such contractual limitations clauses in *Myers v. Farmers Aid Association of Loudon County*:

> Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable. *Guthrie v. Conn. Indem. Ass'n*, 101 Tenn. 643, 49 S.W. 829, 830 (Tenn.1899); *Hill v. Home Ins. Co.*, 22 Tenn. App. 635, 125 S.W.2d 189, 192 (Tenn.Ct.App.1938). Our courts have generally held that a contractual limitations period begins to run upon accrual of the cause of action. *Phoenix Ins. Co. v. Fidelity & Deposit Co.*,

162 Tenn. 427, 37 S.W.2d 119 (1931). "We have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues." *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn.Ct.App.2002) (citing *Boston Marine Ins. Co. v. Scales*, 101 Tenn. 628, 49 S.W. 743, 747 (Tenn.1898)). Because the settlement period provides a period of immunity, during which the insured may not bring suit, the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss. *Id.* Denial of the claim by the insurer before expiration of the settlement of loss period, however, is an effective waiver of the immunity period. *Home Ins. Co. v. Hancock*, 106 Tenn. 513, 62 S.W. 145 (Tenn.1900). Thus, an insurer cannot raise the immunity period as a defense to a suit brought within that period once it has denied the claim. *Hill*, 125 S.W.2d at 192. Therefore, an insured's cause of action accrues upon denial of liability by the insurance company when that denial comes within the immunity period. *Id.* "It follows that if the insured's claim is not denied within the settlement of loss period, during which the insurer is immune from suit, [the] cause of action accrues upon expiration of the settlement of loss period, when the insurer is no longer immune from suit." *Certain Underwriter's*, 107 S.W.3d at 499.

*Myers v. Farmers Aid Assoc. of Loudon County,* No. E2013-02585-COA-R9-CV, 2014 WL 6889643, at *3 (Tenn. Ct. App. Dec. 9, 2014) (*no perm. app. filed*). If the insurer neither pays nor denies a claim within the settlement of loss period, it is no longer immune from suit, and the insured's cause of action accrues. *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 500 (Tenn. Ct. App. 2002). Accordingly, the general rule is that the contractual limitations period begins to run upon a denial of liability or upon the expiration of the settlement period, whichever comes first. *Id.*

This case presents a somewhat unique circumstance, in that Allstate did not deny the Daniels' claim during the settlement period. Rather, Allstate accepted the claim on or around April 2, 2012 when it submitted an estimate to repair or replace the home for $199,212 and tendered a settlement check representing the actual cash value of the damaged home for $170,017.14. The trial court determined that Allstate's acceptance of the Daniels' claim had the same effect as a denial in triggering the contractual limitations period prior to the expiration of the settlement period. The trial court concluded that because the Daniels failed to file suit within one year of the date that the settlement check was tendered and accepted, their claim was barred by the one-year contractual limitations

5

period.  We agree with the trial court's reasoning.

The purpose of the settlement period in an insurance contract is to provide the insurer with immunity for a period of time so that it can investigate the claim and make a determination as to whether to grant or deny the claim.  *See* 17 Lee R. Russ & Thomas E. Segalla, *Couch on Insurance* § 236:167 (3d ed. 2000).  Accordingly, regardless of whether the insurer chooses to grant or deny the claim prior to the end of the settlement period, its determination to do one or the other acts as a waiver of its immunity from suit, and the contractual limitations period begins to run.  In this case, the Daniels' cause of action accrued on April 2, 2012, when Allstate ended the settlement period by tendering an estimate and settlement check to the Daniels.  If the Daniels were not satisfied with the amount of Allstate's estimate and/or settlement check, they had one year from that date to challenge it in court.  As such, the one-year contractual limitations period had already expired when the Daniels filed their suit against Allstate on October 3, 2013.

The Daniels argue that the discovery rule tolled the contractual limitations period until they discovered their injury.  The discovery rule provides that a cause of action accrues and the statute of limitations begins to run when the plaintiff knows, or in the exercise of reasonable care and diligence, should know that the plaintiff has a legal cause of action against the defendant.  *Terry v. Niblack*, 979 S.W.2d 583, 586 (Tenn. 1998).  The Daniels contend that they had no way of knowing they were injured by Allstate prior to Allstate's July 29, 2013 letter informing them that Allstate had already settled their claim in accordance with the policy.  The Daniels argue that at the very least, the application of the discovery rule raises a question of fact regarding whether the Daniels exercised reasonable care and diligence in discovering the injury.  We find this argument unconvincing, however, as Tennessee courts have held that "the discovery rule cannot supersede a contractually agreed upon limitations period as [long] as the agreed upon period affords a reasonable time within which to file suit."  *Goot v. Metro. Gov't. of Nashville & Davidson Cnty.*, No. M2003-023013-COA-R3-CV, 2005 WL 3031638, at *12 (Tenn. Ct. App. Nov. 9, 2005).

## V. HOLDING

For the foregoing reasons, we affirm the trial court's order granting summary judgment.  Costs of this appeal are taxed to the Appellants, Jay Daniel and Elaine Daniel, and their surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

6