# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 30, 2015 Session

## AMY DIANE RIGGS v. FARMERS MUTUAL OF TENNESSEE

**Direct Appeal from the Circuit Court for Sullivan County**
**No. C39982M      John S. McLellan, III, Judge**

---

**No. E2015-00293-COA-R3-CV-FILED-NOVEMBER 9, 2015**

---

This is an appeal from the trial court's grant of summary judgment in an action on a homeowner's insurance policy. The home of the insured party was damaged by a fire on May 29, 2011. The insured submitted proof of loss to the insurer pursuant to her homeowner's insurance policy. The insurer requested additional information from the insured to complete the proof of loss, which the insured provided. The insurer subsequently denied coverage. The insured party filed suit against insurer. The trial court granted summary judgment in favor of the insurer, finding that the insured party's claims were barred by the one-year contractual limitations period. We reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J. and J. STEVEN STAFFORD, P.J. W.S., joined.

R. Wayne Culbertson, Kingsport, Tennessee, for the appellant, Amy Diane Riggs.

Christopher Dunn Heagerty, Knoxville, Tennessee, for the appellee, Farmers Mutual of Tennessee.

## OPINION

### I. BACKGROUND & PROCEDURAL HISTORY

Plaintiff/Appellant Amy Diane Riggs (hereinafter "Riggs" or "Ms. Riggs") purchased a homeowner's insurance policy from Defendant/Appellee Farmers Mutual of Tennessee ("Farmers"). The policy insured Ms. Riggs' residence. In pertinent part, the policy states:

**GENERAL POLICY PROVISIONS**

. . . .

**PAYMENT OF LOSS OR CLAIM**

**1.** *Property Coverages*

    **a.**    **Your Property. We** will adjust all losses with **you**. An insured loss will be payable 45 days after a satisfactory proof of loss is received and the amount of the loss has been established either by written agreement with **you** or the filing of an appraisal award with **us**. Payment will be made to **you** unless another loss payee is named in the policy.

. . . .

    **d.**    **Our Options**

    **1) We** have the option to:

    (a)    pay the loss in money; or

    (b)    rebuild, repair or replace with property of equivalent kind and quality, to the extent practicable, within a reasonable time. We must give the **insured** notice of **our** intent to do so within 30 days after receipt of a duly executed proof of loss.

. . . .

**11. Suits Against Us**

    **a.**    **Property Coverages –** No suit to recover for any property claim may be brought against us unless:

    1)    the **terms** of this policy have been fully complied with; and,

    2)    the suit is commenced within 1 year after the loss. If any law of the state where the premises described in

the Declarations are located makes this limitation invalid, then suit must begin within the shortest period permitted by law.

On May 29, 2011, fire damaged Riggs' home and personal belongings. Riggs notified Farmers of the loss, and Farmers began investigating the claim. On August 19, 2011, Farmers sent Riggs a proof of loss form, including an attached personal property inventory list ("inventory list") to be filled out in accordance with the terms of the insurance policy. Riggs returned the executed proof of loss on October 3, 2011. As part of Farmers' investigatory process, its counsel conducted an examination of Riggs under oath on November 10, 2011. There, Riggs was advised that her inventory list was not complete and that Farmers required her to submit a completed form. Riggs completed the inventory list and did not hear from Farmers again until she received a formal denial letter on September 24, 2012.

Riggs filed suit against Farmers on December 11, 2012, alleging that Farmers breached their contract, did not deal with her in good faith, and was guilty of deceptive trade practices in violation of the Tennessee Consumer Protection Act. Farmers filed a motion for summary judgment, stating that it was entitled to summary judgment as a matter of law based on its assertion that Riggs' cause of action was time-barred by the limitation period set forth in the insurance policy. The trial court granted Farmers' motion for summary judgment. In its order, the trial court reasoned that Riggs' cause of action against Farmers accrued when her proof of loss was submitted on October 3, 2011. Accordingly, the trial court determined that her suit was barred by the insurance policy's one-year contractual limitations provision because Riggs did not file her suit until December 11, 2012. The trial court delayed its final judgment after taking judicial notice that a decision pending in *Lloyd L. Meyers v. Farmers Aid Association of Loudon County* could "have implications upon the final result" of this case. *Meyers v. Farmers Aid Ass'n of Loudon County*, No. E2013-02585-COA-CV, 2014 WL 6889643 (Tenn. Ct. App. Dec. 9, 2014) (*no perm. app. filed*). After the *Meyers* decision was filed on December 9, 2011, the trial court issued its final judgment in this matter and granted summary judgment in favor of Farmers. Riggs timely filed a notice of appeal to this Court.

## II. ISSUES PRESENTED

Ms. Riggs presents the following issues for review:

1.   Whether the trial court committed reversible error by granting summary judgment in favor of [Farmers] on the ground [Ms.] Riggs' claim under the insurance policy was time barred?

2. Whether the trial court committed reversible error by granting summary judgment in favor of [Farmers] on the ground suit under the applicable insurance policy was time barred when genuine issues of material fact relevant to the determination of whether suit was timely filed continue to exist?

3. Whether the trial court committed reversible error by erroneously holding the one-year contractual limitations period had run before [Ms.] Riggs filed suit by finding the required "immunity period" preceding the limitations period began to run with Riggs having submitted a less than fully completed proof of claim form on October 3, 2011 instead of when [Farmers] received "satisfactory proof of loss" following the examination under oath of Riggs on November 10, 2011 and her providing property loss inventory sheets that fully completed the proof of loss form?

4. Whether the trial court committed reversible error by not finding ambiguous policy provisions warranted denial of summary judgment?

## III. STANDARD OF REVIEW

Riggs appeals the trial court's order granting summary judgment in favor of Farmers. We therefore apply the standard of review applicable to summary judgment decisions. Summary judgment is appropriate in virtually any civil case that can be resolved on the basis of legal issues alone. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 81 (Tenn. 2010). This appeal requires us to interpret and apply the provisions of an insurance contract. Because the interpretation and application of a contract involves legal issues, contract cases are particularly well-suited to disposition by summary judgment. *Campora v. Ford*, 124 S.W.3d 624, 628 (Tenn. Ct. App. 2003).

Summary judgment is appropriate when the moving party can demonstrate that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Our supreme court, in *Rye v. Women's Care Center of Memphis, MPLLC*, set Tennessee's summary judgment standard as follows:

> Our overruling of Hannan means that in Tennessee, as in the federal system, when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's

4

> evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, --- S.W.3d ----, 2015 WL 6457768, at *22 (Tenn. Oct. 26, 2015). A trial court's decision to grant a summary judgment motion presents a question of law, and we review it *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). In doing so, we must make a fresh determination that the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013).

## IV. ANALYSIS

The insurance contract at issue provides that "[n]o suit to recover for any property claim may be brought against us unless . . . the suit is commenced within 1 year after the loss." This Court recently addressed the legal principles applicable to such contractual limitations clauses in the *Meyers* decision:

> Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable. *Guthrie v. Conn. Indem. Ass'n*, 101 Tenn. 643, 49 S.W. 829, 830 (Tenn. 1899); *Hill v. Home Ins. Co.*, 22 Tenn. App. 635, 125 S.W.2d 189, 192 (Tenn. Ct. App. 1938). Our courts have generally held that a contractual limitations period begins to run upon accrual of the cause of action. *Phoenix Ins. Co. v. Fidelity & Deposit Co.*, 162 Tenn. 427, 37 S.W.2d 119 (1931). "We have interpreted insurance policies containing language requiring a claim to be brought within so many days after a property loss, but which protect the insurer from suit until after a settlement period, as meaning that suit must be brought within so many days after the cause of action accrues." *Certain Underwriter's at Lloyd's of London v. Transcarriers Inc.*, 107 S.W.3d 496, 499 (Tenn. Ct. App. 2002) (citing *Boston Marine Ins. Co. v. Scales*, 101 Tenn. 628, 49 S.W. 743, 747 (Tenn. 1898)). Because the settlement period provides a period of immunity, during which the insured may not bring suit, the cause of action has been construed as accruing once the immunity period has expired, rather than on the date of the actual loss. *Id.*

*Meyers*, 2014 WL 6889643, at *3. "If the insurer neither pays nor denies a claim within the settlement of loss period, it is no longer immune from suit, and the insured's cause of action accrues." *Daniel v. Allstate Ins. Co.*, No. W2014-01965-COA-R3-CV, 2015 WL 1578553, at *3 (Tenn. Ct. App. April 6, 2015) (*no perm app. filed*) (citing *Certain Underwriter's*, 107 S.W.3d at 500). Therefore, the general rule is that the contractual

limitations period begins to run upon a denial of liability or upon the expiration of the settlement period, whichever comes first. *Certain Underwriter's*, 107 S.W.3d at 500. Here, the parties dispute when the contractual 45-day immunity period began to run and, consequently, also dispute when the limitations period on this cause of action accrued.

Farmers argues that the immunity period began when Riggs submitted the executed proof of loss form on October 3, 2011. Keith Hairell, the Farmers claims manager for Riggs' policy, stated in his deposition that "[Riggs] made her claim official when she turned in her Proof of Loss to us. That was her officially making her claim for the amount of the loss." Riggs argues the immunity period began to run on November 10, 2011, when she fully complied with Farmers' investigation procedures by examination under oath and the re-submission of a completed inventory list.

In *Meyers*, we examined a similar question and determined that, under the terms of the insurance policy at issue in that case, the immunity period began when the insured submitted his proof of loss. *Meyers*, 2014 WL 68889643 at *6. However, the language of the policy at issue in *Meyers* differs from the language of the policy here. The insurance policy in *Meyers* stated that a loss "shall be payable sixty days after proof of loss." *Id.* at *1. The insurance contract between Farmers and Riggs is similar but modifies the "proof of loss" requirement with the additional term "satisfactory."

This is a matter of contract interpretation. When interpreting contractual language, courts look to the plain meaning of the words in the document to ascertain the parties' intent. *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002). If the language is clear and unambiguous, the literal meaning controls the outcome of the dispute. *Id*. Here, the parties dispute the operation of the word "satisfactory" when combined with the required "proof of loss." On appeal, Riggs argues that the trial court erred in not finding the insurance policy provisions ambiguous.

We decline, however, to hold that provisions of the policy are ambiguous. In contrast, we believe the plain meaning of the words in the policy provides the answer as to when the immunity period began. The insurance policy itself does not provide a definition for the term "satisfactory." Therefore, the term "should be given [its] plain and ordinary meaning." *Clark v. Sputniks, LLC*, 368 S.W.3d 431, 441 (Tenn. 2012). The ordinary meaning of the adjective "satisfactory" is that the thing being described is "good enough to fulfill a need, wish, requirement, etc.; satisfying or adequate." WEBSTER'S NEW WORLD COLLEGE DICTIONARY 1291 (5th ed. 2014). Farmers seemingly wants this Court to ignore the fact that it did not deem Riggs' proof of loss adequate until at least November 10, 2011, when it stopped requesting additional information from her. It is illogical to say that Riggs' proof of loss was satisfactory on October 3 when additional information, including an examination under oath and completed inventory list, was

required to actually prove the loss. In our view, Riggs did not provide a satisfactory proof of loss until Farmers had all of the information it required in order to determine whether or not to pay the claim. This did not occur until November 10. Accordingly, Riggs proof of loss could not be considered satisfactory until at least that time.

Additionally, there is some question of whether Riggs' proof of loss was ever satisfactory based on the language of the insurance policy itself. The policy states that "[a]n insured loss will be payable within 45 days after a satisfactory proof of loss is received. . . ." If a loss is payable 45 days after Farmers receives a satisfactory proof of loss, it necessarily follows that, if Farmers declines to pay, Farmers did not consider the insured's proof of loss satisfactory. Simply stated, Farmers' interpretation leaves Riggs with no way of knowing when her proof of loss was satisfactory or when the immunity period began to run. If the proof of loss became satisfactory, it did so at a definite time, and the language of the insurance contract points to that time being November 10, 2011. Accordingly, the immunity period would have ended on December 25, 2012, and Riggs' suit was not time-barred when she filed it on December 11, 2012. Because this action was not time-barred when it was filed, the circuit court erred in granting Farmers' motion for summary judgment.

## V. CONCLUSION

For these reasons, the decision of the circuit court is reversed and remanded. Costs of this appeal are taxed to the appellee, Farmers Mutual of Tennessee, for which execution may issue, if necessary.

_____
BRANDON O. GIBSON, JUDGE

7