# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### September 9, 2015 Session

## CIRCLE C CONSTRUCTION, LLC v. D. SEAN NILSEN ET AL.

**Appeal by Permission from the Court of Appeals, Middle Section**
**Circuit Court for Davidson County**
**No. 13C1465     Hamilton V. Gayden, Jr., Judge**

---

### No. M2013-02330-SC-R11-CV – Filed March 7, 2016

---

The issue we address is whether the savings statute applies to save an action that was filed within the extended statute of limitations set by a tolling agreement, was voluntarily nonsuited, and was refiled within one year, but after the extended statute of limitations in the tolling agreement. The trial court granted summary judgment, ruling that the case was not timely filed. The Court of Appeals affirmed, holding that the tolling agreement precluded application of the savings statute. We hold that the party filing the suit complied with the tolling agreement by filing the first suit within the extended statute of limitations set by the agreement. The savings statute applies to save the action; therefore, the refiled suit was timely filed. We reverse the decision of the Court of Appeals and remand this case to the trial court.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed**

SHARON G. LEE, C.J., delivered the opinion of the Court, in which CORNELIA A. CLARK and JEFFREY S. BIVINS, JJ., joined. HOLLY KIRBY, J., filed a separate concurring and dissenting opinion.

Donald N. Capparella and Elizabeth N. Sitgreaves, Nashville, Tennessee, for the appellant, Circle C Construction, LLC.

Darrell G. Townsend, Nashville, Tennessee, for the appellees, D. Sean Nilsen, C. Dean Furman, and Furman, Nilsen & Lomond, PLLC.

**OPINION**

**I.**

Circle C Construction, LLC, ("Circle C") hired D. Sean Nilsen, C. Dean Furman, and the law firm of Furman, Nilsen & Lomond, PLLC, (collectively "Nilsen") to defend it in a suit brought by the United States in federal district court alleging a violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(B) (2006). *See United States ex rel. Wall v. Circle Constr., LLC*, 700 F. Supp. 2d 926 (M.D. Tenn. 2010). The federal district court granted the government's motion for summary judgment, finding Circle C liable and awarding damages of $1,661,423.13. Circle C appealed to the United States Court of Appeals for the Sixth Circuit.

In November 2010, after Circle C was advised that it had a potential professional negligence claim against Nilsen, Circle C and Nilsen entered into a written tolling agreement regarding Circle C's claim against Nilsen. In part, the agreement provided that the filing deadline for Circle C's claim would be tolled "so that the statute of limitations [would] not expire" until 120 days after the Sixth Circuit issued its opinion. Under the agreement, Circle C had to file its claim by the expiration of this extended statute of limitations. Circle C filed its claim within the extended statute of limitations but voluntarily nonsuited its action and, relying on the savings statute, refiled within one year of the nonsuit but outside the contractually extended statute of limitations.

The timeline of relevant events is:

- March 15, 2010 – Judgment entered against Circle C in federal district court.
- November 29, 2010 – Circle C and Nilsen entered into the tolling agreement.
- March 15, 2011 – Date of expiration of the one-year statute of limitations for Circle C's claim under Tennessee Code Annotated section 28-3-104 (2000), had the statute of limitations not been tolled and extended by the parties' agreement.
- September 21, 2011 – Circle C filed suit against Nilsen alleging that Nilsen was negligent in its representation of Circle C.
- April 16, 2012 – Order entered dismissing suit against Nilsen based on Circle C's notice of voluntary nonsuit.
- October 1, 2012 – Sixth Circuit Court of Appeals issued its decision.
- January 29, 2013 – Date of expiration of the statute of limitations as extended by the parties' agreement to 120 days after issuance of the appellate decision.
- April 8, 2013 – Circle C refiled suit against Nilsen for professional negligence.
- April 16, 2013 – Date of expiration of the one-year period following nonsuit permitted by the savings statute.

After Circle C refiled its suit, Nilsen moved for summary judgment, arguing that Circle C's claim was barred because the case was filed after the extended statute of limitations set by the agreement. Circle C responded that the case was timely filed because it was filed within the deadline set by the agreement, was voluntarily dismissed, and was refiled within one year as provided by the savings statute, Tennessee Code Annotated section 28-1-105 (2000). The trial court granted Nilsen's motion for summary judgment. Circle C appealed. The Court of Appeals determined that the agreement precluded application of the savings statute, holding that Circle C's claims against Nilsen were barred because the refiled suit had been filed after the filing deadline established in the agreement.

We granted Circle C's application for permission to appeal to decide whether the savings statute applies to save Circle C's action that was filed within the extended statute of limitations established by the tolling agreement, was voluntarily nonsuited, and refiled within the one-year period allowed by the savings statute, but after the extended statute of limitations established by the tolling agreement.

## II.

This appeal arises from a grant of summary judgment, which we review de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, ___ S.W.3d ___, 2015 WL 6457768, at *12 (Tenn. Oct. 26, 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)). Questions of contract and statutory interpretation are questions of law, which we review de novo without a presumption of correctness. *Gleaves v. Checker Cab Transit Corp.*, 15 S.W.3d 799, 802 (Tenn. 2000) (holding that the construction of a statute is a question of law); *Hamblen Cnty. v. City of Morristown*, 656 S.W.2d 331, 335-36 (Tenn. 1983) (holding that the interpretation of a written contract is a question of law rather than a question of fact).

Circle C argues that it complied with the terms of the agreement by filing suit before the expiration of the statute of limitations as extended 120 days by the tolling agreement. Circle C submits that the terms of the agreement did not prejudice its rights to assert claims, including the right to avail itself of the savings statute. Nilsen responds that the parties contractually agreed to a deadline for filing the negligence claim. According to Nilsen, Circle C's second suit was filed too late, as the filing deadline in the agreement was mandatory and not subject to any exceptions, including the savings statute. Nilsen relies on the contractual language that if Circle C "desires to assert claims for professional negligence, it must do so on or before the Termination Date," which was defined as 120 days after the Sixth Circuit issued its decision. The current suit was refiled after this date.

In interpreting a tolling agreement, we look to its provisions to determine its scope and effect. *See Tenn-Fla Partners v. Shelton*, 233 S.W.3d 825, 829 (Tenn. Ct. App. 2007). We must ascertain and give effect to the parties' intentions in entering into the agreement based on the plain meaning of the agreement's language. *Id.*; *see also Allmand v. Pavletic*, 292 S.W.3d 618, 630 (Tenn. 2009); *Planters Gin Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 889-90 (Tenn. 2002) (quoting *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)).

The tolling agreement provides in part:

> WHEREAS, [Circle C] believes the deadline for [Circle C] to file legal action against [Nilsen] for professional negligence is March 15, 2011, the date the federal Court entered Judgment against Circle C. Construction, LLC ("Filing Deadline");
>
> WHEREAS, *the Parties desire to extend the Filing Deadline without prejudicing [Circle C's] rights to assert claims* and without waiving or releasing in any manner any defenses of any kind that [Nilsen] or any other potential party defendant may have to those claims as of the date of this Agreement; and
>
> WHEREAS, the Parties understand that Circle C Construction, LLC desires to wait for the decision from the U.S. Court of Appeals before it decides whether to sue defendants for legal malpractice, the determination of which shall be solely that of Circle C Construction, LLC.
>
> THEREFORE, in consideration of the mutual promises stated in this Agreement, the Parties agree as follows:
>
> 1. *The Parties agree that the Filing Deadline shall be tolled so that the statute of limitations will not expire until a period of One Hundred Twenty (120) days after the United States Court of Appeals [for] the 6th Circuit has issued an opinion* resolving all issues raised in the United States of America, *ex rel.* Brian Wall versus Circle C Construction, LLC, Appeal No. 10-5645 ("Termination Date"). *If [Circle C] desires to assert claims for professional negligence, it must do so on or before the Termination Date.*

(Emphasis added).

Circle C relies on the italicized portion of the recital—"the Parties desire to extend the Filing Deadline without prejudicing [Circle C's] rights to assert claims"—to support

its argument that the savings statute applies to its refiled claim. Nilsen argues that because this provision is in the recital clause, it has no significance. Recitals do not ordinarily form a part of the material agreement between the parties, but they do commonly indicate the underlying purposes and motivations of the parties. *See Ross v. Ross*, 253 N.Y.S. 871, 882 (N.Y. App. Div. 1931); *see also* 17A Am. Jur. 2d *Contracts* § 383 (2015). Recitals should be reconciled, whenever possible, with the operative clauses of the contract and be given effect as any other contractual provision. *See Ingalls Iron Works Co. v. Ingalls*, 53 So. 2d 847, 849 (Ala. 1951); *see also* 17A Am. Jur. 2d *Contracts* § 383 (2015). The operative language in the contract outlines *what* the parties must do to perform under the contract; the recitals explain *why* the parties require a contractual obligation to perform. *See Ingalls*, 53 So. 2d at 858 (holding that a right-to-purchase option upon retirement did not apply because the recitals explained that the option could only be exercised upon voluntary retirement, rather than involuntary removal). Here, the recitals are consistent with other contract provisions. The referenced recital clause denotes the parties' desire to preserve Circle C's claims and works in concert with other provisions to preserve, rather than cut off, the claim. Paragraph 1 of the operative clauses tolls and extends the statute of limitations for 120 days after the appellate court issues its decision and does so in a manner that neither prejudices Circle C's right to assert a claim for negligence against Nilsen nor precludes Circle C from relying on the savings statute. The recital provision also preserves Nilsen's right to assert its defenses, as it did by moving for summary judgment based on the alleged untimeliness of Circle C's claim.

Nilsen contends that the italicized language of the recital refers only to Circle C's right to assert claims "as of the date of th[e] agreement." Nilsen argues that, because Circle C had not yet filed and nonsuited the claim when it entered into the agreement, Circle C's right to refile its claim under the savings statute had not manifested "as of the date of th[e] agreement." We respectfully disagree. As this Court has explained, "the rights and obligations of contracting parties are governed by the law in effect when they entered into their contract, [and existing law] becomes as much a part of the contract as if specifically incorporated therein, and, in the absence of evidence of contrary intention, the parties must be held to have contemplated the application of that law to the terms of their agreement." *Ellis v. Pauline S. Sprouse Residuary Trust*, 280 S.W.3d 806, 814 (Tenn. 2009) (internal quotation marks and citations omitted). The savings statute has been in effect in Tennessee for many years and was in effect when the parties entered into their agreement. Accordingly, in the absence of any evidence of contrary intention, the savings statute applies to this agreement that extended the statute of limitations. The tolling agreement as a whole reflects the parties' intent that Circle C was entitled to file the claim at any time before the expiration of the statute of limitations as extended by the agreement, and it retained the right to refile under the savings statute, in the absence of any language in the agreement divesting it of this right.

Nilsen contends that the savings statute does not save Circle C's case because the savings statute applies only to suits filed within the applicable statute of limitations. A savings statute allows a case that has been dismissed, for reasons other than a dismissal on the merits, to be refiled within a set period—even after the statute of limitations has run on the action. *Clark v. Hoops, LP*, 709 F. Supp. 2d 657, 669 (W.D. Tenn. 2010) (holding that the Tennessee savings statute saves a suit filed and voluntarily dismissed before expiration of the applicable statute of limitations and permits the plaintiff to refile within one year of nonsuit); *McGee v. Jacobs*, 236 S.W.3d 162, 165 (Tenn. Ct. App. 2007); *see, e.g.*, *McCoy v. Montgomery*, 259 S.W.3d 430, 434 (Ark. 2007); *Reid v. Spazio*, 970 A.2d 176, 180 (Del. 2009); *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010); *see also* 51 Am. Jur. 2d *Limitation of Actions* § 251 (2015). A party who refiles the action under the savings statute has the same procedural and substantive benefits available as in the first action. *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn. 1995) (citing *Dukes v. Montgomery Cnty. Nursing Home*, 639 S.W.2d 910, 913 (Tenn. 1982)). The second action must be refiled within one year of the voluntary dismissal of the first action or it will be time barred. Tenn. Code Ann. § 28-1-105(a). The savings statute facilitates the disposition of cases on the merits. *Henley v. Cobb*, 916 S.W.2d 915, 916-17 (Tenn. 1996). "[T]he basic purpose [of the savings statute is] to aid the courts in administering the law fairly between litigants without binding them to minor and technical mistakes made by their counsel in interpreting the complexities of our laws of procedure." *Id.* at 917 (quoting *Gen. Accident Fire & Life Assurance Corp. v. Kirkland*, 356 S.W.2d 283, 285 (Tenn. 1962)) (internal quotation marks omitted). Because the savings statute is remedial, courts must give it a broad and liberal construction. *Id.* at 916.

Tennessee's savings statute provides:[1]

> *If the action is commenced within the time limited by a rule or statute of limitation*, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a) (emphasis added).

The savings statute only applies to cases "commenced within the time limited by a rule or statute of limitation[s]." *Id.* Nilsen argues that the savings statute is not applicable because the filing deadline—the 120-day period set in the agreement—was not a rule or statute of limitations, but was a contractual limitation period. We respectfully disagree. The parties' agreement expressly provided in Paragraph 1 that "the Filing Deadline shall

---

[1] The parties agree that subsection (b) of the statute does not apply because the claim is not "an action arising out of" the tolling agreement itself. Tenn. Code Ann. § 28-1-105(b).

be *tolled* so that the *statute of limitations* will not expire until a period of One Hundred Twenty (120) days after the United States Court of Appeals [for] the 6th Circuit has issued an opinion." (Emphasis added). By this language, the parties agreed to toll and extend the applicable statute of limitations for 120 days after issuance of the decision by the Sixth Circuit. The agreement created no new contractual limitation period; rather, it paused and extended the applicable statute of limitations. Because Circle C initially asserted the claim within the extended statute of limitations period, we conclude the savings statute applies to Circle C's refiled suit.

Nilsen argues that this Court's decision in *Guthrie v. Connecticut Indemnity Ass'n*, 49 S.W. 829 (Tenn. 1899), illustrates why the savings statute is not applicable to an agreement that sets a filing deadline. However, we note that *Guthrie* is distinguishable. There, a suit arising out of a life insurance policy was filed within one year of the insured's death, was nonsuited, and was refiled within one year of the nonsuit. *Id.* at 829-30. This Court held that the savings statute did not apply to save the nonsuited claim, because the claim arose out of a contract, which set its own filing deadline.[2] *Id.* at 830-31. However, the case at bar is not a claim based on a contract but is instead a tort claim. The savings statute applies when the parties agree to toll the applicable statute of limitations, as the parties have done here.

The Court of Appeals has applied the savings statute to a tolling agreement in a similar situation. *See Somerfield v. Hailey, Sykes & Sharp*, No. 03A01-9208-CV-00292, 1994 WL 17905 (Tenn. Ct. App. Jan. 25, 1994). In *Somerfield*, the parties entered into a tolling agreement regarding a legal malpractice claim. *Id.* at *1. The plaintiff filed suit within the period allowed by the agreement, nonsuited the claim, and then refiled it within one year of the voluntary nonsuit. *Id.* The Court of Appeals held that the savings statute applied to save the plaintiff's action, noting the remedial nature of the statute. *Id.* Nilsen argues that *Somerfield* is factually distinguishable, because in the present case, the agreement included a deadline for filing suit. According to Nilsen, in *Somerfield*, the plaintiff agreed not to file suit before the "expiration or termination of th[e] [a]greement," and the defendant agreed not to assert that a suit filed within thirty days of the agreement's expiration was not timely filed, even if the statute of limitations had run before the agreement expired. *Id.* We see no material differences in the language of the two agreements. Both agreements provide for a filing deadline. It does not matter that the agreement in the case at bar extended the statute of limitations' filing deadline based on a certain event—a decision by the Sixth Circuit—and the agreement in *Somerfield* set the filing deadline based on the expiration date of the agreement. In both cases, the parties knew when the time to file would expire. Also, in both cases, a party filed an action

---

[2] The result in *Guthrie* would be different were the case decided today because, consistent with its remedial purpose, the savings statute now expressly applies to the case of a contract that limits the time within which an action arising out of the contract may be brought. *See* Tenn. Code Ann. § 28-1-105(b).

before the filing deadline, nonsuited, and refiled within the time permitted by the savings statute.

Our decision makes clear that the savings statute is indeed remedial, and we give it both a broad and liberal construction. *Henley*, 916 S.W.2d at 916. Given the entirety of the tolling agreement at issue in this appeal, including the lack of any language in the tolling agreement precluding Circle C's reliance on the savings statute, the savings statute applies. If parties to a tolling agreement wish to foreclose application of the savings statute, they must include clear, explicit language in the tolling agreement to that effect. *See Ellis*, 280 S.W.3d at 814 (holding that "public policy allow[s] competent parties to strike their own bargains"). Otherwise, without such explicit indication that the parties intend to circumvent the savings statute, it will normally apply. *Cf. Sharp v. Richardson*, 937 S.W.2d 846, 850 (Tenn. 1996) (holding that, in the absence of explicit language in the products liability statute of repose superseding the longstanding savings statute, the savings statute applies to lawsuits that are timely filed but nonsuited and refiled after expiration of the statute of repose).

### III.

We hold that, under the parties' agreement, the savings statute applies to save the suit that Circle C refiled against Nilsen after the extended statute of limitations set in the agreement but within the one-year period provided by the savings statute. We reverse the Court of Appeals and remand this case to the trial court for further proceedings. Costs of this appeal are taxed to D. Sean Nilsen, C. Dean Furman, and Furman, Nilsen & Lomond, PLLC, for which execution may issue, if necessary.

_____
SHARON G. LEE, CHIEF JUSTICE