FILED

03/21/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 6, 2017 Session

## LARRY BECKWITH ET AL. v. LBMC, P.C. ET AL.

**Appeal from the Circuit Court for Williamson County
No. 2016-40  Michael Binkley, Judge**

_____

### No. M2017-00972-COA-R3-CV
_____

A business retained a professional accounting firm to value its common stock and stock options.  Almost four years after the requested valuation report was provided, the president of the business claimed that one of the firm's accountants had disclosed confidential information about the valuation to a third party.  The president and the accounting firm entered a tolling agreement for his individual claim.  But after attempts to resolve the dispute failed, the president and the business filed a complaint against the accounting firm for breach of contract, accounting malpractice, and breach of fiduciary duty.  The accounting firm moved for summary judgment, claiming the suit was barred by the statute of limitations.  Applying the one-year statute of limitations for accounting malpractice actions and concluding that the tolling agreement established a filing deadline for the president, the trial court ruled that the plaintiffs' claims were untimely.  Upon review, we conclude that the tolling agreement paused the running of the statute of limitations on the president's confidentiality claim.  So we vacate the dismissal of the president's confidentiality claim.  We affirm the judgment of the trial court in all other respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in part; Vacated in Part; and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Mark Hammervold and Brian Manookian, Nashville, Tennessee, for the appellants, LBDB Holdings, LLC, and Larry Beckwith.

John A. Day and Joy Burns Day, Brentwood, Tennessee, for the appellee, LBMC, P.C.

**OPINION**

**I.**

Eco-Energy Holdings, Inc. hired Lattimore Black Morgan & Cain, PC, an accounting firm, to value its common stock and stock options for financial reporting purposes. A letter from Lattimore memorialized the terms of the engagement, which an authorized representative of Eco-Energy signed. Lattimore agreed to provide its professional opinion of the fair value of "the underlying common stock of [Eco-Energy] as of July 9, 2010," and "252,000 stock options granted as of July 9, 2010 and August 26, 2010" based on information provided by Eco-Energy. Lattimore also promised to "use [its] best efforts to keep strictly confidential the report, its existence, and content, as well as the identity of [Eco-Energy] and other identifying information."

On May 3, 2011, Lattimore delivered its valuation report. At that time, Eco-Energy expressed no dissatisfaction with Lattimore's services. But on April 23, 2015, Larry Beckwith, president and majority shareholder of Eco-Energy, notified Lattimore that a Lattimore employee had "revealed confidential information" about the valuation the previous year, causing Mr. Beckwith to incur financial losses.

A few days later, Mr. Beckwith and Lattimore entered into an "Agreement to Toll Statute of Limitations." Eco-Energy was not a party to the agreement. The tolling period was modified four times. The final modification ended the tolling period on January 22, 2016.

On January 22, 2016, due to inclement weather conditions, Eco-Energy and Mr. Beckwith sent a complaint against Lattimore via facsimile to the Circuit Court Clerk for Williamson County, Tennessee.[1] On January 26, 2016, the plaintiffs filed the original of the complaint and paid the filing fee. The complaint asserted three theories of recovery: breach of contract, professional negligence/accounting malpractice, and breach of fiduciary duty. All the theories relied on allegations that Lattimore drastically inflated the fair value of Eco-Energy instead of using "sound accounting principles" and "independent accounting analysis" and disclosed "the existence and substance of the 2011 valuation of [Eco-Energy] to a third party." According to the complaint, Lattimore's wrongful conduct caused the plaintiffs "significant damages."

---

[1] LBDB Holdings, LLC filed the complaint, indicating it was formerly known as Eco-Energy Holdings, LLC. For purposes of the motion for summary judgment, Lattimore did not dispute that LBDB Holdings, LLC was the same entity as Eco-Energy Holdings, Inc. Lattimore changed its name to LBMC, P.C. and was identified in the style of case as "LBMC, PC f/k/a Lattimore Black, Morgan, & Cain, P.C." For sake of clarity, we refer to the limited liability company plaintiff as "Eco-Energy" and the defendant accounting firm as simply "Lattimore."

2

The trial court dismissed the complaint on summary judgment, concluding that the complaint was untimely.[2] The court held that all the plaintiffs' claims were subject to the one-year statute of limitations for accounting malpractice. *See* Tenn. Code Ann. § 28-3-104(c)(1) (2017). Based on the plaintiffs' claims accruing on July 28, 2014, the court determined that the complaint was too late absent tolling. The court read the tolling agreement as extending the deadline for Mr. Beckwith's confidentiality claim. But because the tolling agreement imposed a "filing deadline" of January 22, 2016, the court concluded that Mr. Beckwith's confidentiality claim was also untimely. The court did not deem the facsimile transmission of plaintiffs' complaint on January 22, 2016, sufficient to toll the statute of limitations.

## II.

### A.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Defenses based on statutes of limitations are particularly well suited to summary judgment motions because the facts material to the defense are often undisputed. *Cherry v. Williams*, 36 S.W.3d 78, 83 (Tenn. Ct. App. 2000). A grant of summary judgment is appropriate when the facts and the reasonable inferences from those facts would permit a reasonable person to reach only one conclusion. *Stanfill v. Mountain*, 301 S.W.3d 179, 184 (Tenn. 2009).

The statute of limitations is an affirmative defense. Tenn. R. Civ. P. 8.03. As such, a party moving for summary judgment on the grounds that a claim is barred by the statute of limitations has the burden of establishing all of its elements. *Carr v. Borchers*, 815 S.W.2d 528, 532 (Tenn. Ct. App. 1991). Satisfying this burden requires more than a "conclusory assertion that summary judgment is appropriate," rather the movant must set forth specific material facts as to which the movant contends there is no dispute. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If a motion for summary judgment is properly supported, the nonmoving party must then come forward with something more than the allegations or denials of its pleadings. *Id.* at 265. The nonmoving party must "by affidavits or one of the other means provided in Tennessee Rule 56, 'set forth specific facts' *at the summary judgment stage* 'showing that there is a genuine issue for trial.'" *Id.* (quoting Tenn. R. Civ. P. 56.06).

---

[2] Lattimore also filed a motion to dismiss, which the trial court granted in part by dismissing the plaintiffs' claim for attorney's fees. The plaintiffs do not challenge this ruling on appeal.

A trial court's decision on a motion for summary judgment enjoys no presumption of correctness on appeal. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004). We review the summary judgment decision as a question of law. *Martin*, 271 S.W.3d at 84; *Blair*, 130 S.W.3d at 763. Thus, we review the record de novo and make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. *Eadie v. Complete Co.*, 142 S.W.3d 288, 291 (Tenn. 2004); *Blair*, 130 S.W.3d at 763.

B.

The plaintiffs contend that the trial court erred in granting summary judgment to Lattimore on statute of limitations grounds. In considering a statute of limitations defense, we examine three interrelated elements: "the length of the limitations period, the accrual of the cause of action, and the applicability of any relevant tolling doctrines." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012).

1. Applicable Statute of Limitations

The plaintiffs argue that the trial court erred in applying the one-year statute of limitations for accounting malpractice to all their claims. *See* Tenn. Code Ann. § 28-3-104(c)(1). The determination of the applicable statute of limitations is a question of law, which we review de novo with no presumption of correctness. *Benz-Elliott v. Barrett Enters., LP*, 456 S.W.3d 140, 147 (Tenn. 2015).

To determine the applicable statute of limitations, we "must ascertain the gravamen of each claim" in the complaint. *Id.* at 149. Ascertaining the gravamen of a claim is a two-part inquiry:

> [A] court must first consider *the legal basis of the claim* and then consider *the type of injuries for which damages are sought*. This analysis is necessarily fact-intensive and requires a careful examination of the allegations of the complaint as to each claim for the types of injuries asserted and damages sought.

*Id.* at 151 (emphasis added). In carrying out the inquiry, we are not bound by "[t]he designation given those claims by either the plaintiff or the defendant." *Estate of French v. Stratford House*, 333 S.W.3d 546, 557 (Tenn. 2011).

The plaintiffs do not dispute that the statute of limitations for accounting malpractice applies to their professional negligence claims, and Eco-Energy does not appeal the dismissal of its professional negligence claim as untimely. So we need only

4

consider the applicable statute of limitations for the plaintiffs' breach of contract and breach of fiduciary duty claims.

a.  Breach of Contract Claim

The plaintiffs maintain that the six-year statute of limitations for actions on contracts governs their breach of contract claim.  *See* Tenn. Code Ann. § 28-3-109(a)(3) (2017).  Count I is labeled breach of contract.  But upon review, we conclude that the legal basis of this claim is accounting malpractice.  Lattimore, a professional accounting firm, was hired to perform accounting services.  And the allegations here concern Lattimore's alleged failure to provide accounting services in accordance with the applicable standards of the accounting profession. *See Delmar Vineyard v. Timmons*, 486 S.W.2d 914, 921 (Tenn. Ct. App. 1972) (explaining that accountants may be liable in malpractice for "failure to employ the degree of knowledge, skill and judgment usually possessed by members of [the accounting] profession"); Tenn. Code Ann. § 62-1-116 (2009) (describing the duty of licensed public accountants to keep information confidential).  We recognize that not all claims against accountants involve malpractice, but "where the claim is based upon the failure of the professional to meet the requisite standards of the subject profession . . . [a claim for malpractice lies] . . . ."  *PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 546 (Tenn. Ct. App. 2012) (quoting *Crosby v. Pittman*, 700 S.E.2d 629, 631 (Ga. Ct. App. 2010)).

The type of injuries alleged is also consistent with an accounting malpractice claim.  The plaintiffs do not claim injury from Lattimore's allegedly defective performance of valuation services, per se.  Rather, they seek financial compensation for the "significant damages" they suffered from the disclosure of the allegedly inflated valuation.  Damages are available in tort to "compensate the wronged party for damage or injury caused by the defendant's conduct." *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999).  The plaintiffs' punitive damages request further supports our conclusion that this claim is for accounting malpractice.  Punitive damages are recoverable for professional malpractice. *See Metcalfe v. Waters*, 970 S.W.2d 448, 451-52 (Tenn. 1998) (holding that compensatory and punitive damages are available in a legal malpractice action).  They are not typically available for breach of contract. *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 211 n.14 (Tenn. 2012) (limiting the recovery of punitive damages in a breach of contract action to the most egregious cases).

We conclude that the applicable statute of limitations for this claim is the one-year statute for "[a]ctions and suits against licensed public accountants, certified public accountants, or attorneys for malpractice."[3]  Tenn. Code Ann. § 28-3-104(c)(1).  By

---

[3] We are unpersuaded by the plaintiffs' argument that the accounting malpractice statute does not apply because they brought this action against the accounting firm rather than the individual accountants.

5

statute, all actions for accounting malpractice "shall be commenced within one (1) year after the cause of action accrued, *whether the action or suit is grounded or based in contract or tort.*" *Id.* (emphasis added). With the passage of the malpractice statute of limitations, our Legislature signaled that the six-year statute for actions on contracts was no longer applicable to malpractice actions.[4] *Bradley v. LaPenna*, 490 S.W.2d 500, 501 (Tenn. 1973); *see also Redmon v. LeFevre*, 503 S.W.2d 97, 98 (Tenn. 1973); *Swett v. Binkley*, 104 S.W.3d 64, 67 (Tenn. Ct. App. 2002) (explaining that "the legislature sought to remove any doubt about which statute applied to a malpractice claim, and it chose the one-year period of limitations"). Thus, even though the plaintiffs couched this claim in contract terms, it remains an action against an accountant for malpractice subject to the one-year statute.

### b. Breach of Fiduciary Duty Claim

We reach the same conclusion on the breach of fiduciary duty claim. The plaintiffs have not alleged that Lattimore performed a dual role. *Cf. Black v. Sussman*, No. M2010-01810-COA-R3-CV, 2011 WL 2410237, at *8 (Tenn. Ct. App. June 9, 2011) (holding that the accounting malpractice statute barred claims "involving the provision of accounting services or the use of an accountant's special skills and expertise" while claims that the accountant breached the fiduciary duties owed by a business manager were subject to the three-year statute for breach of fiduciary duty). The breach of fiduciary duty asserted here is that Lattimore inflated Eco-Energy's value and disclosed the existence and substance of the valuation to a third party. These claims implicate only the standards of professional conduct applicable to the accounting profession. The legal basis of this claim is accounting malpractice, and the damages sought are those available for malpractice.

### 2. Accrual of the Cause of Action

For purposes of this appeal, plaintiffs do not dispute that all claims accrued on July 28, 2014. Because we have concluded that the one-year statute of limitations for

---

Our courts have consistently applied this statute to malpractice actions against law firms as well as attorneys. *See John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 531-32 (Tenn. 1998); *Sec. Bank & Tr. Co. of Ponca City, Okla. v. Fabricating, Inc.*, 673 S.W.2d 860, 861 (Tenn. 1983); *Batchelor v. Heiskell, Donelson, Bearman, Adams, Williams & Kirsch*, 828 S.W.2d 388, 393 (Tenn. Ct. App. 1991). We see no basis for carving out an exception for actions against accounting firms as opposed to individual accountants.

[4] Plaintiffs' reliance on *Harvest Corp. v. Ernst & Whinney*, 610 S.W.2d 727 (Tenn. Ct. App. 1980), is misplaced. In *Harvest Corp.*, we held that the six-year statute of limitations for contract actions applied to the plaintiff's claims of accounting malpractice. 610 S.W.2d at 730. But when *Harvest Corp.* was decided, Tennessee Code Annotated § 28-3-104(c)(1) was not applicable to accountants. *See* 1990 Tenn. Pub. Acts 586 (ch. 970) (amending statute to include accountants).

accounting malpractice applies to all the plaintiffs' claims, the trial court properly dismissed all of Eco-Energy's claims against Lattimore as untimely.

3. Effect of the Tolling Agreement

Next, we consider the plaintiffs' argument that the tolling agreement preserved Mr. Beckwith's claims. We look to the language of a tolling agreement "to determine its scope and effect." *Circle C Constr., LLC v. Nilsen*, 484 S.W.3d 914, 917 (Tenn. 2016). As with all contracts, our goal is to "ascertain and give effect to the parties' intentions in entering into the agreement based on the plain meaning of the agreement's language." *Id.* If the language used is unambiguous, we will enforce it as written. *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 659 (Tenn. 2013); *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006). Contract interpretation is a question of law, which we review de novo with no presumption of correctness. *Maggart v. Almany Realtors, Inc.*, 259 S.W.3d 700, 703 (Tenn. 2008).

We agree with the trial court that the tolling agreement only applies to Mr. Beckwith's confidentiality claim. The recitals specifically define "Claim" as Mr. Beckwith's claim of financial loss from the disclosure of confidential information. *See Bradson Mercantile, Inc. v. Crabtree*, 1 S.W.3d 648, 652 (Tenn. Ct. App. 1999) (holding that the parties' tolling agreement only applied to certain claims). So the tolling agreement could only potentially preserve Mr. Beckwith's claim arising from the wrongful disclosure of confidential information. The court properly dismissed all of Mr. Beckwith's other claims as untimely.

The tolling agreement provided for a "Tolling Period" during which the statute of limitations would be "tolled" for a period of time. Specifically, the agreement, as amended, provides as follows:

> The parties agree that the running of time under any statute of limitations, or by way of estoppel or laches or any other time-related defense, with respect to any action that Mr. Beckwith has the right to assert with respect to the Claim, is hereby tolled from the effective date of this Agreement until 4:30 p.m. Central Daylight Time, on [January 22, 2016] (the "Tolling Period").

The plain meaning of the words used by the parties is that *the running of time* under the applicable statute of limitations *was tolled* for a specified period. When the tolling period ended on January 22, 2016, the running of the statute recommenced. If the parties had intended to impose a filing deadline, they could have done so. *Cf. Circle C Constr., LLC*, 484 S.W.3d at 918 ("The Parties agree that the Filing Deadline shall be tolled so that the statute of limitations will not expire until [the Termination Date]. If [the plaintiff] desires

7

to assert claims for professional negligence, it must do so on or before the Termination Date.").

Lattimore relies on the recitals in the tolling agreement to support its argument that a deadline for filing was established. But "[r]ecitals do not ordinarily form a part of the material agreement between the parties." *Id.* They explain the why behind contractual obligations. *Id.* According to the recitals, "[b]oth parties [we]re agreeable to tolling the statute of limitations until [January 22, 2016]" so that their discussions could continue. In our view, the recital is consistent with the other provisions of the agreement and the idea that the parties were seeking a pause in the statute of limitations. *See id.* (directing courts to reconcile recitals with the operative provisions of the contract whenever possible). The statute was tolled until January 22, 2016. *See Toll*, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining toll with respect to a time period as "to stop the running of" or "abate"). Then the tolling period ended and the limitations period recommenced. Nothing in the recitals indicates that the parties intended to establish a filing deadline.

Finally, Lattimore relies on the plaintiffs' post-contract conduct as evidence of mutual intent to establish a filing deadline. The parties' actions in carrying out a contract can be strong evidence of the intended meaning of the contract, employed by courts as a rule of practical construction. *Individual Healthcare Specialists, Inc. v. BlueCross BlueShield of Tennessee, Inc.*, ___ S.W.3d ___, No. M2015-02524-SC-R11-CV, 2019 WL 256716, at *21 (Tenn. Jan. 18, 2019); *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 465 (Tenn. 2012). But the rule of practical construction only applies when the contract is ambiguous or indefinite. *Fid.-Phenix Fire Ins. Co. of New York v. Jackson*, 181 S.W.2d 625, 631 (Tenn. 1944); *Yowell v. Union Cent. Life Ins. Co.*, 206 S.W. 334, 340 (Tenn. 1918); *Vargo v. Lincoln Brass Works, Inc.*, 115 S.W.3d 487, 494 (Tenn. Ct. App. 2003); *Williamson Cty. Broad. Co. v. Intermedia Partners*, 987 S.W.2d 550, 553 (Tenn. Ct. App. 1998). Here, the tolling provision is clear and unambiguous. So the rule of practical construction does not apply. *See W. Sur. Co. v. Wilson*, 484 S.W.2d 45, 47 (Tenn. Ct. App. 1972) ("The language used is neither indefinite nor ambiguous, hence the 'rule of practical construction' does not apply.").

Given our interpretation of the tolling agreement, we need not reach the issue of whether the complaint was filed on January 22, 2016, when it was sent via facsimile to the clerk's office. We conclude that Mr. Beckwith's confidentiality claim was timely filed on January 26, 2016. The tolling agreement was executed before the applicable limitations period expired. The running of the statute of limitations stopped during the tolling period and recommenced at 4:30 p.m. on January 22, 2016, leaving Mr. Beckwith approximately sixty days after January 22 to file his claim.

8

**III.**

Because the gravamen of each claim was accounting malpractice, we conclude that the one-year statute of limitations for accounting malpractice actions applied. The complaint was not filed within one year after the cause of action accrued. But the tolling agreement stopped the running of the statute of limitations during the tolling period for Mr. Beckwith's claim arising from the disclosure of confidential information. So we vacate the dismissal of Mr. Beckwith's confidentiality claim. We affirm the judgment of the trial court in all other respects and remand the case for further proceedings.

_____

W. NEAL MCBRAYER, JUDGE