IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 9, 2020 Session

## VOLODYMYR HELYUKH, ET AL. v. BUDDY HEAD LIVESTOCK & TRUCKING, INC.

Appeal from the Circuit Court for Wilson County
No. 2017-CV-695   John D. Wootten Jr., Judge

_____

### No. M2019-02301-COA-R9-CV

_____

The dispositive issue in this personal injury action is whether the claims against the defendant trucking company for the tortious acts of its employee/truck driver are time-barred under *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98 (Tenn. 2010) or saved by the commencement of a new action under Tenn. Code Ann. § 28-1-105, Tennessee's "savings statute." After the plaintiffs commenced the new action, the company filed a motion to summarily dismiss the complaint, asserting the plaintiffs' claims against the employee were procedurally barred before the new action was commenced. The trial court denied the motion because the first action was instituted before the plaintiffs' right of action against the employee became extinguished by operation of law, and the second complaint was timely filed pursuant to the savings statute. For the same reason, we affirm and remand for further proceedings.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
Affirmed and Remanded**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Nathan E. Shelby and Jordan K. Gibson, Nashville, Tennessee, for the appellant, Buddy Head Livestock & Trucking, Inc.

Ronald J. Berke, Chattanooga, Tennessee, for the appellees, Volodymyr and Mariah Helyukh.

# OPINION

## FACTS AND PROCEDURAL BACKGROUND

On November 16, 2011, Volodymyr Helyukh, a long-distance truck driver, sustained injuries when he collided with an overturned tractor-trailer on Interstate 40 in western Tennessee. The overturned vehicle was owned by Buddy Head Livestock & Trucking ("Defendant") and operated by its employee, Michael Heller.

In May 2012, Mr. Helyukh and his wife, Mariah Helyukh (collectively, "Plaintiffs"), commenced a personal injury action against Defendant and its employee/truck driver, Mr. Heller, in the Henderson County Circuit Court.[1] The complaint alleged that Mr. Heller's negligence caused Mr. Helyukh's injuries and that Defendant was vicariously liable because Mr. Heller was acting in the course of his employment with Defendant. Summons was issued for both defendants, and Defendant was served; however, Plaintiffs were unable to obtain service of process on Mr. Heller.

In August 2013, Plaintiffs voluntarily dismissed their claims against Mr. Heller but continued to prosecute their claims against Defendant. In March 2015, Defendant moved for summary judgment based on Mr. Heller's uncontradicted affidavit that stated an unidentified driver caused the accident by forcing Mr. Heller off the road. The trial court determined Mr. Heller's affidavit negated the breach-of-duty element and granted Defendant's motion. Plaintiffs appealed. On appeal, we found reasonable persons could differ as to whether Mr. Heller acted reasonably under the described circumstances and reversed the judgment. *See Helyukh v. Buddy Head Livestock & Trucking, Inc.*, No. W2015-01354-COA-R3-CV, 2017 WL 1483303, at *4–5 (Tenn. Ct. App. Apr. 24, 2017).

Shortly after remand, Plaintiffs voluntarily dismissed the complaint. Three months after dismissing their Henderson County Circuit Court action, Plaintiffs commenced a new action against Defendant by filing their complaint in the Wilson County Circuit Court.

In October 2019, Defendant moved for summary judgment on the new action. Relying on the Tennessee Supreme Court's decision in *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98 (Tenn. 2010), Defendant argued that it could no longer be held vicariously liable for Mr. Heller's acts because Plaintiffs' right of action against Mr. Heller was procedurally barred before Plaintiffs commenced the new action.

---

[1] Plaintiffs also named a third driver, Jack Grady, and USF Holland as defendants in the first action. Plaintiffs later voluntarily dismissed their claims against them. Neither Mr. Grady nor USF Holland was named as a defendant in the new action, and they are not parties to this appeal.

In its Order of December 18, 2019, the trial court denied the motion on the ground that Plaintiffs commenced the new action against Defendant in accordance with Tennessee's savings statute:

> Upon review of the briefs, argument of counsel, and the entire record, the court finds that Plaintiff[s'] claim against [Mr.] Heller, agent of [Defendant] . . . , was barred by operation of law at the time this lawsuit was commenced, on December 27, 2017. The Court also finds that there is no Tennessee precedent to guide its decision when a lawsuit is subject to dismissal under *Abshure v. Methodist Healthcare-Memphis Hospitals*, 325 S.W.3d 98, 103 (Tenn. 2010), but the lawsuit was filed in reliance upon Tenn. Code Ann. § 28-1-105 (the "saving statute"). Considering the "remedial" nature of the saving statute . . . , the Court holds that Defendant['s] Motion for Summary Judgment should be denied.

The trial court and this court subsequently granted Defendant permission to pursue an interlocutory appeal pursuant to Tenn. R. App. P. 9.

## STANDARD OF REVIEW

The material facts in this case are undisputed. Thus, a "motion for summary judgment provides a proper vehicle for addressing the dispositive legal issues presented by the parties." *Abshure*, 325 S.W.3d at 103. This court reviews a trial court's ruling on a motion for summary judgment de novo with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, we must make a fresh determination of whether Defendant demonstrated "that it is entitled to a judgment as a matter of law." *Abshure*, 325 S.W.3d at 103.

## ANALYSIS

Defendant contends the trial court erred by denying its Motion for Summary Judgment because Tennessee's savings statute does not "save" a plaintiff's legal remedy against a principal when the plaintiff's right of action against the agent is already barred by the applicable statute of limitations. Plaintiffs respond that their claims were preserved by the savings statute, regardless of whether the limitations period on their claims against Mr. Heller had lapsed in the meantime. In summary, the issue before us is whether a common-law exception to the vicarious liability doctrine prevents a plaintiff from benefiting from the savings statute.

In *Abshure*, the Tennessee Supreme Court recognized several common-law exceptions to the general rule that a principal may be held vicariously liable for the negligent acts of its agent. *See id*. at 111. As relates to this case, the Court noted that a plaintiff may not assert a vicarious liability claim "when the plaintiff's claim against the agent is procedurally barred by operation of law **before** the plaintiff asserts [the] vicarious

- 3 -

liability claim against the principal." *Id.* at 106 (emphasis added). In other words, a plaintiff may not assert "a **new** vicarious liability claim against a principal **after** [the plaintiff's] claims against the agent have become barred by operation of law." *Id*. at 111 (emphasis added). This "procedural limitation" reflects a traditional policy that "plaintiffs should not be permitted to engage in an 'encircling movement' against the principal when they cannot pursue a 'frontal attack' on the agent." *Id*. at 110 (citations omitted).

Defendant contends the procedural limitation recognized in *Abshure* should be extended to the circumstances of this case, where Plaintiffs voluntarily dismiss and re-file their claims against Defendant after the claims against Mr. Heller are barred. Defendant reasons that the new action "must stand or fall on its own." *See Cartwright v. DMC-Memphis Inc.*, 468 S.W.3d 517, 528 (Tenn. Ct. App. 2014) ("Once re-filed pursuant to the savings statute, the 'new action must stand or fall on its own.'" (quoting *Robles v. Vanderbilt Univ. Med. Ctr.*, No. M2010-01771-COA-R3-CV, 2011 WL 1532069, at *3 (Tenn. Ct. App. Apr. 19, 2011))). We respectfully disagree.

In *Abshure*, the Court recognized that joinder of the agent is unnecessary to hold the principal vicariously liable for the agent's negligent acts. 325 S.W.3d at 105. The Court also explained that "the extinguishment of the plaintiff's claims against the agent, by voluntary dismissal or otherwise, **'merely produce[s] the same effect as if the [agent] had never been sued.'"** *Id*. at 111 (emphasis added) (quoting *Rankhorn v. Sealtest Foods*, 479 S.W.2d 649, 652 (Tenn. Ct. App. 1971)).

The savings statute reads in pertinent part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, . . . the plaintiff . . . may . . . commence a new action within one (1) year[.]

Tenn. Code Ann. § 28-1-105(a). Here it is undisputed that Plaintiffs' action was commenced within the limitations period, the voluntary dismissal of the Henderson County case did not conclude Plaintiffs' right of action, and Plaintiffs commenced the new action in Wilson County within one year of the voluntary dismissal without prejudice. Thus, Plaintiffs are entitled to the benefits afforded by the savings statute.

Defendant cites no authority for the proposition that a plaintiff may not take advantage of the savings statute to re-file a vicarious liability claim if the plaintiff did not join the agent in the first action. Thus, we conclude that Plaintiffs' voluntary dismissal of their claims against Mr. Heller in the first action produced the same effect as if Mr. Heller had never been sued. *See Abshure*, 325 S.W.3d at 111.

It is also significant and well established that the savings statute is remedial and "must be given a broad and liberal construction." *See, e.g., Circle C Constr., LLC v. Nilsen*,

484 S.W.3d 914, 919 (Tenn. 2016). In *Cronin v. Howe*, 906 S.W.2d 910 (Tenn. 1995), the Tennessee Supreme Court recognized this provision should be construed according to the statute's spirit:

> Many years ago, . . . this Court recognized that the statutory language must be applied according to the spirit of the statute. We said:
>
> > The statute has not merely letter but a spirit. That spirit is manifested in the history of the statute . . . . It is that a plaintiff shall not be finally cast out by the force of any judgment or decree whatsoever, not concluding his right of action, without an opportunity to sue again within the brief period limited.
>
> *Nashville, C & St. L. Ry. v. Bolton*, 134 Tenn. 447, 184 S.W. 9, 11 (1916). Thus, this Court has long been committed to the view that **the "savings statute" is remedial and should be liberally construed** in furtherance of its purpose and in order to bring cases within its spirit and fair intention. *Kee v. Shelter Ins.*, 852 S.W.2d 226, 228 (Tenn. 1993). In effect, the savings statute confers upon a plaintiff who files a second action within one year of a voluntary non-suit of a first action **the same procedural and substantive benefits that were available to the plaintiff in the first action**. *Dukes v. Montgomery County Nursing Home*, 639 S.W.2d at 913.

*Id*. at 912–13 (emphasis added).

The Plaintiffs commenced the first action within the one-year limitations period for personal injury actions. Several years later, Plaintiffs voluntarily nonsuited that action and re-filed three months later. Because the savings statute applies, we affirm the trial court's decision to deny Defendant's Motion for Summary Judgment.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for further proceedings. Costs of appeal are assessed against Buddy Head Livestock & Trucking, Inc.

_____
FRANK G. CLEMENT JR., P.J., M.S.